# 𝔚𝔥𝔢𝔢𝔩𝔦𝔫𝔤.

## CARLON'S ADMR. *v.* RUFFNER, *et al.*

### Decided December 15, 1877.

In debt, on a note signed with a partnership name, the declaration charged, that the defendants being partners made the notes, and subscribed their partnership name thereto. Some of the defendants, upon whom process had been served, appeared and pleaded *nil debet;* and some filed with their plea affidavits denying such partnership. One of the defendants, upon whom process had been served, never appeared to plead to the action ; and the office judgment was not set aside as to him. On two of defendants process was never served. After the filing of the said pleas and affidavits, the plaintiff, on his own motion, discontinued his action as to several of the defendants; and other defendants, who had pleaded, withdrew their pleas. The case was then submitted to the court, and proof heard; and the court rendered judgment against all the defendants, who had withdrawn their pleas, except three, and except also the defendant, against whom the office judgment had been found and not set aside, but included in said judgment the two, whom process had not been served on. Five of the defendants appealed from the said judgment; but the two, upon whom the process had not been served, moved the court which rendered the judgment, during the pendency of said appeal, to reverse and correct the judgment. Upon that motion, said court corrected the judgment and remanded it to rules as to them, and also remanded it to rules as to the defendant, as to whom the office judgment had not been set aside. At the hearing of said motion, certain others, against whom the judgment had been rendered, appeared and asked leave to file certain pleas, and also affidavits denying the partnership; but the court refused to permit the same to be filed. HELD:

1. That under the statutory provisions, and the principles laid down in *Snyder* v. *Snyder*, 9 West Va., 415, the plaintiff had the right, even without the consent of the defendants, to dismiss his action as to any of the defendants, whom he thought he had improperly joined in his action.

2. Upon such discontinuance of the action as to part of the defendants, the remaining defendants would then have the right, if they wished, to put in a plea in abatement *puis darrein continuance*, that those persons, as to whom the action had been discontinued, were jointly bound with them.

3. Then the plaintiff would have the right, if he did not wish to try that issue, to make those persons again defendants, either by having the order of discontinuance set aside, if at the same term it was entered, thus leaving the declaration intact as to such defendants, or

4. The plaintiff could amend and have new process served on said persons, or

5. If the plaintiff prefer the risk, he could go to trial upon the issue joined on said plea; and if such issue be found against him, judgment should be, that suit abate.

6. The defendants having failed to plead in abatement *puis darrein continuance*, and in no way objecting in the circuit court to the said discontinuance, it is too late to raise the question in the Appellate Court.

7. The judgment of April 8, 1870, as to the defendants, who withdrew their pleas, is under the principles enunciated in *Holliday's ex'or* v. *Meyers*, 11 West Va., 276, not one by default, nor is it by confession, but it is a judgment rendered upon proof of the cause made to the court, without issue joined between the parties then before the court.

8. By the withdrawal of their pleas, the defendants by virtue of chapter 125, section 41 of the Code, relieved the plaintiff from the necessity of proving the fact of the partnership, there being no affidavit denying the partnership; and their defense in that respect was cut off. [*Phaup, &c.* v. *Stratton*, 9 Gratt. 615.]

9. The defendant, against whom office judgment was confirmed at rules, not having appeared and filed his affidavit denying his partnership under said section. 41, relieved the plaintiff from the necessity of proving the partnership as to him.

10. After the withdrawal of the pleas, the only question for the court then to determine, was the amount of the debt due on said note; and it was its duty to render judgment, upon the

proof of the amount of said debt, against all the defendants who had been duly served with process, and as to whom the case had not been dismissed or abated.

1877.
Special Term.
Carlon's adm'r
v.
Ruffner *et al.*

11. It was error under the circumstances not to have included in the judgment of April 8, 1870, the defendant, against whom the office judgment had been confirmed at rules, and who failed to appear and plead; and like error not to have included in said judgment the three defendants, who withdrew their pleas, and as to whom the case had not been discontinued.

12. It was error to give judgment against the two defendants, upon whom process in the action had not been served, and who had not appeared to the action.

13. Where judgment is given against persons, upon whom process has not been served, and who had not appeared to the action, the proper way to correct the error is upon motion before the court, that rendered the judgment. [*Gunn et al.* v. *Turner's adm'r*, 21 Gratt. 382.]

14. Upon the hearing of such a motion made by defendants, against whom the court had rendered judgment before process had been served on them, and who had not appeared, it is error for the said court to remand the cause to rules as to another defendant, upon whom process had been duly served, and office judgment was confirmed, but who had not appeared to the action, and against whom the court had failed to enter judgment.

15. It is not necessary to make those defendants, upon whom process had been duly served, and judgment had been rendered against them, parties to a motion made to correct said judgment by defendants, who had not been served with process, and who had not appeared to the action, but against whom the said judgment had also been rendered.

16. Upon the hearing of a motion to correct a judgment for being rendered against parties, who had been served with process, and who had not appeared to the action, it is not error for the court to refuse to permit other parties, who were included in said judgment, but who had been duly served with process in the action, to file pleas or an affidavit denying the partnership; they had already had their day in court, and were not parties to the motion. Such should be the rule to end litigation.

A judgment was rendered by the circuit court of Kanawha county, on the 8th day of April 1870, in favor

of John Carlon against James S. O. Brooks, N. S. Brooks, Lewis Ruffner and others, in an action of debt then pending in said court, in which said Carlon was plaintiff. After the rendition of which, an appeal therefrom was perfected to the Supreme Court of Appeals, and whilst therein pending, upon the notice and motion of said J. S. O. Brooks and N. S. Brooks, the circuit court of Kanawha county, on the 25th day of June 1874, reversed and set aside the said judgment, to which latter action and judgment Lewis Ruffner, John D. Lewis, E. S. Arnold and J. P. Hale, of the defendants below, obtained a *supersedeas* to this Court.

Hon. Joseph Smith, judge of the seventh judicial circuit, rendered the judgment below.

*E. P. Knight* and *W. A. Quarrier*, for plaintiffs in in error, referred to the following authorities :

*Steptoe* v. *Reed,* 19 Gratt. 9 ; *Cole* v. *Pennel,* 2 Raw. 174 ; *Woodward* v. *Newhale,* 1 Pik. 500 ; *Minor* v. *Bank,* 1 Pet. 46 ; *Rohr* v. *Davis,* 9 Leigh 30 ; *Baber* v. *Cook,* 11 Leigh 606 ; *Munford* v. *Overseer, &c.,* 2 Raw. 313 ; Code of W. Va., ch. 177, § 19 ; *Blodgett* v. *Morris,* 14 N. Y. 482 ; 15 Ind. 204 ; 13 Gratt. 644 ; 2 W. Va. 83 ; 1 H. & M. 66 ; 5 Munf. 550 ; 3 Rand. 316 ; 12 Gratt. 57 ; Code of W. Va., ch. 134, § 5 ; 16 Gratt. 134.

*Hedrick, Couch* and *Doddridge,* for defendant in error, referred to the following authorities :

4 W. Va. 493 ; 11 Gratt. 824 ; 2 Rob. 317 ; 3 Rand. 338, 339, 327, 354 ; Freeman on Judgments, 6 ; 3 Minn. 167-8 ; 10 Pet. 472 ; 5 Halsh. 332 ; 12 Gratt. 57.

MOORE, JUDGE, delivered the opinion of the Court:

John Carlon filed his declaration in debt at April rules 1860, of the circuit court of Kanawha county, against Lewis Ruffner, Andrew F. Donnally, William

Donnally, Lewis F. Donnally, Henry H. Wood, John D. Lewis, James H. Fry, Henry Chappell, Nathaniel V. Wilson, Samuel A. Miller, Enos S. Arnold, William J. Rand, James M. Laidley, John P. Hale, Richard C. M. Lovell, John N. Clarkson, Leonora C. Rogers, James L. Carr, James H. Brown, William R. Cox, Benjamin H. Smith, Harriet Noyes, Ira Hunt, William A. McMullin, William C. Brooks, William D. Shrewsbury, John A. Warth, Job English, James S. O. Brooks, Samuel H. Early, Richard A. Hunt, John C. Ruby, George H. Warth, Frederick Brooks, Nathaniel S. Brooks, Cadwallader E. Doddridge, John R. Garland and Isaac Read, late partners in trade, using the name and style of Ruffner, Donnally & Co. The action was based upon the following note:

"[$2,825.] "KANAWHA SALINES, Aug. 4, 1855.

" Six months after date we promise to pay to the order of S. A. Miller, without offset, negotiable and payable at the office of the Bank of Virginia at Charleston, Kanawha, Va., $2,825.00, value received.

"RUFFNER, DONNALLY & CO."

ENDORSED.—" Pay to John Carlon."

"S. A. MILLER."

" Received on the within of N. V. Wilson, March 2, 1871, $300.00."

ENDORSEMENT.—" By the same paid by N. Wilson, agent, on this note, July 12, 1857, $434.50.

"JOHN CARLON.

"By J. A. Lewis, Agent."

" Paid on the within note by the hand of N. Wilson, agent, $500.00, February 26, 1858."

Process was not served on Lewis F. Donnally, Ira Hunt, James S. O. Brooks; Samuel H. Early, George H. Warth, Frederick Brooks, Nathaniel S. Brooks, Cadwallader E. Doddridge, John R. Garland, and Isaac Read.

At rules on the first Monday in May, 1860, the defendants, upon whom process had been served, still fail-

ing to appear and plead, the common order was confirmed as to them, and was confirmed as to Lovell and Richard A. Hunt at the September rules, 1860.

Leonora C. Rogers appeared by her attorney, in court May 31, 1860, and pleaded *nil debet*, and filed an affidavit in support of her plea, and the office judgment as to her was set aside.

The defendants, Laidley, Carr, Brown, Cox, Smith, Noyes and Ruby, appeared by their attorney in court June 11, 1860, and tendered a plea of *nil debet*, with affidavit of verification thereto.

The defendants Lewis Ruffner, Andrew F. Donnally, William Donnally, Henry H. Wood, John D. Lewis, James H. Fry, Henry Chappell, Nathaniel V. Wilson, Enos S. Arnold, William J. Rand, John W. Clarkson, John P. Hale, Wm. A. McMullin, William C. Brooks, William D. Shrewsbury, John A. Warth and Job English, appeared by their attorney in court June 12, 1860, and pleaded *nil debet*, and put themselves upon the country, and the plaintiff did the like, and the office judgment was set aside as to them.

The defendants, Richard A. Hunt and Lovell, appeared by their attorney in court November 10, 1860, and pleaded *nil debet*, and put themselves upon the country and the plaintiff did the like, and the office judgment was set aside as to them.

On the 19th day of June, 1866, the plaintiff having departed life, the suit was revived in the name of John Slack, Jr., administrator, &c.

Richard A. Hunt, with leave of the court, filed his affidavit in the cause April 4, 1868, and John A. Warth filed his affidavit December 19, 1868; and Henry Chappell filed his affidavit March 25, 1869. The affidavits of John A. Warth, Chappell, R. A. Hunt, and Ruby were to the effect, that they were not partners of the firm of Ruffner, Donnally & Co. as charged in the declaration ; but the record does not show the other affidavits.

On the 8th day of April, 1870, " upon motion of the

plaintiff and with leave of the court," the plaintiff discontinued the action as to the defendants Lewis F. Donnally, Henry Chappell, James M. Laidley, Leonora C. Rogers, James L. Carr, James H. Brown, Wm. R. Cox, Benjamin H. Smith, Harriet Noyes, Ira Hunt, Richard A. Hunt, John A. Warth, John C. Ruby, Cadwallader E. Doddridge, John R. Garland, and Isaac Read; and he also suggested the death of James H. Fry, William J. Rand and Job English, and it was ordered, that said suit abate as to them. And the other defendants withdrawing their pleas filed in this cause, and they being undefended therein, and said cause being submitted to the court and proof heard, it was considered by the court, "that the plaintiff recover against the said defendants Lewis Ruffner, Andrew F. Donnally, William Donnally, John D. Lewis, Nathaniel V. Wilson, Enos S. Arnold, John P. Hale, Richard C. M. Lovell, William A. McMullin, William C. Brooks, James S. O. Brooks, Samuel H. Early, and Nathaniel S. Brooks, the sum of $3,843.71, with interest thereon from this 8th day of April, 1870, until paid, and the costs of suit, including $15.00, as allowed by law."

From that judgment L. Ruffner, John D. Lewis, E. S. Arnold, J. P. Hale and Samuel H. Early appealed to this court, by filing their *undertaking,* as then required by chapter 135, section 3, of the Code, with S. A. Miller and J. W. Oaks as securities, March 27, 1871.

The record shows, that the notice of filing the undertaking for the appeal was signed by Smith and Knight attorneys for the appellants, and that they signed the name of S. A. Miller thereto, instead of the name of S. H. Early, as one of the parties appealing.

After this appeal had been taken, the said James S. O. Brooks and Nathaniel S. Brooks, on the 17th day of April, 1872, served notice on the said administrator, Slack, that they would on the 29th day on June, 1872, move the said circuit court of Kanawha county, to reverse and set aside said judgment of April 8, 1870, be-

1877.
Special Term.
―――――――
Carlou's adm'r
v.
Ruffner et al.

cause rendered against them without plea and "without service of process" on them. The motion was docketed June 29, 1873, and on the 25th day of June 1874, the said court rendered the following judgment:

"This day came again the parties by their attorneys, and said motion being argued and submitted to the court, the court is of opinion and doth decide, that the judgment set out in the notice, and which was rendered by the circuit court of Kanawha county, West Virginia, in favor of John Slack, Jr., administrator of John Carlon, deceased, against James S. O. Brooks and N. S. Brooks and others, under the firm name and style of Ruffner, Donnally & Co., at the March term of said court for the year 1870, for the sum of $3,343.71, with interest thereon from the 8th day of April, 1870, until paid, and costs of suit, is erroneous and should be set aside for the reason, that said James S. O. Brooks and N. S. Brooks were never served with process in said suit and never appeared therein. It is therefore ordered, that said judgment be set aside *in toto* and held for naught, and that John Slack, Jr., administrator of John Carlon, deceased, do, out of the estate of said John Carlon, deceased, in his hands yet to be administered, pay the costs of this notice and motion, including $15.00, as allowed by law; and thereupon the following defendants in the action of John Carlon's administrator against Lewis Ruffner and others, sued as partners under the firm name and style of Ruffner, Donnally & Co., in which the aforesaid judgment was rendered, to-wit: Lewis Ruffner, A. F. Donnally, William Donnally, John D. Lewis, N. V. Wilson, John P. Hale, R. C. M. Lovell and William C. Brooks asked leave to plead *nil debet* and payment to the action aforesaid; and the defendant, Enos. S. Arnold also asked leave to plead payment and *nil debet* to said action, and tendered an affidavit denying the partnership set out by the plaintiff in his declaration in said action, in connection with his plea of *nil debet*. And the defendants, John P. Hale, Lewis

Ruffner, John D. Lewis and R. C. M. Lovell, tendered a special plea in writing to the plaintiff's said action, and the court refused to allow either of said pleas to be now offered or made in said action, and also refused to let the said affidavit of E. S. Arnold be filed. And the court now here proceeding to give such judgment as ought to be given, it is considered by the court that the said Slack, administrator of John Carlon, deceased, re-cover against the said defendants, Lewis Ruffner, Andrew F. Donnally, William Donnally, John D. Lewis, Nathan-iel V. Wilson, Enos. S. Arnold, John P. Hale, Richard C. M. Lovell, William A. McMullin, William C. Brooks and Samuel H. Early, the sum of $3,343.71, with inter-est thereon from the 8th day of April, 1870, until paid, and the costs of suit, including $15.00 as allowed by law ; and the case is remanded to rules as to the said de-fendants Nathaniel S. Brooks, Samuel A. Miller and James S. O. Brooks for proceedings there as to them, to be had according to law.

To all which actions, opinions and rulings of the court the defendants Ruffner, the Donnallys, Lewis, Wilson, Arnold, Hale, Lovell, and Brooks excepted, and obtain-ed a bill of exceptions thereto ; and to said last judg-ment Lewis Ruffner, John D. Lewis, E. S. Arnold and J. P. Hale were allowed a *supersedeas*, September 24, 1874.

The two cases as presented on these judgments are necessarily to be determined together. The appellants object to both these judgments, because

1st. The appellee, voluntarily and of his own motion, discontinued his action as to sixteen of the co-contrac-tors as described in the declaration, and they are there-fore not included in the judgment with the appellants.

2d. The court failed to render judgment against Samuel A. Miller, described in the declaration as a joint contractor with appellants, though Miller never pleaded.

3d. The judgment was not entered against Clarkson, Wood and Shrewsbury, described in the declaration as

joint contractors with appellants, and who had withdrawn their pleas.

4th. The first judgment was entered against James S. O. Brooks and N. S. Brooks, upon whom no process had at any time been served.

We will consider these assignments of error before alluding to others assigned against the second judgment.

In the case of *Snyder* v. *Snyder*, 9 West Va. 415, this Court held, that "In a joint action upon a joint, or joint and several instrument, with process served upon all the defendants before judgment, it is a long and well established rule, that there must be a joint judgment, and it is error to render separate judgments; but it is not a universal rule. Whenever a defendant pleads matter, which goes to his personal discharge, such as bankruptcy, infancy, or any matter, that does not go to the nature of the writ, or pleads, or gives in evidence a matter, which is a bar to the action against himself only, and of which the others could not take advantage, judgment may be for such defendant and against the rest; and this rule is also subject to the exceptions prescribed by the 19th section of chapter 131 in the Code;" and "a further exception to the rule of law, that in a joint action there must be a joint judgment, is found in the 52d section of chapter 125 of the Code." The said 19th section declares: "In an action, founded on contract, against two or more defendants, although the plaintiff may be barred as to one or more of them, yet he may have judgment against any other or others of the defendants, against whom he would have been entitled to recover, if he had sued them only." The said 52d section declares: "Where, in an action or suit against two or more defendants, the process is served upon part of them, the plaintiff may proceed to judgment as to any so served, and either discontinue it as to the others, or from time to time, as the process is served as to such others, proceed to judgment as to them, until judgments be obtained against all."

1877.
Special Term.
Carlon's ad u'r
v.
Ruffner et al.

Judge Edmiston states as a reason for the qualification of the general rule by the said 19th section, that it was "one that was required to promote justice, and avoid litigation." That being so, I can perceive no case more appropriate for its application, than the case now before us. The plaintiff based his action upon a note, signed by the firm name Ruffner, Donnally & Co. It was his duty to sue the individuals constituting said firm, as partners · in trade using the name and style of Ruffner, Donnally & Co. They alone were liable as such partners. If therefore he united others in the action, not co-partners in that firm, it would have been a misjoinder of parties. If he knew he had improperly made innocent persons defendants to his action, it would certainly have been unjust to have continued to litigate with them. And in order "to promote justice and avoid litigation" he undoubtedly had not only the right, but it was his duty, even without the consent of the defendants, to dismiss his action as to any of the defendants, whom he thought he had improperly joined in his action. By so doing it would leave the action, as if he had declared only against those defendants, as to whom he had not dismissed his action.

In the case before us a large number of the defendants had pleaded *nil debet;* and some had filed affidavits denying such partnership, and thus necessitating, under the 41st section of chapter 125 of the Code, proof of the fact of the partnership. Under such a state of the pleadings, it seems to me clear, the plaintiff was not bound to carry on a vexatious litigation with those defendants, especially if he was satisfied or thought, they were improperly joined in the action; and he had a right to discontinue the action as to them. The remaining defendants would then have the right, if they wished, to put in a plea in abatement *puis darrein continuance*, that those persons, as to whom the action had been discontinued, were jointly bound with them. *Murdock &c.* v. *Herndon's ex'or*, 4 H. & M. 203. In that

*Syllabus 2.*

stage of the case, it seems to me, that the plaintiff would have the right, if he did not desire to try the issue on the plea in abatement, to make the persons, as to whom he had discontinued his action, again defendants either by having the order of discontinuance set aside, if at the same term it was entered, which would leave the declaration as to such defendants intact, or as it stood before; or he could amend and have new process served on said persons; or, if he preferred the risk, go to trial upon the issue joined on said plea. If he had omitted those persons in his declaration, then, by the 18th section of chapter 125 of the Code, the defendants could have pleaded in abatement, that such person ought to be jointly sued; and then, under section 19, chapter 125, Code, "the plaintiff, without proceeding to trial upon an issue thereon, may amend his declaration, and make the persons named in such plea, as joint contractors, defendants in the cause with the original defendants, and cause process to be served upon the new defendants; and, if it appear by the subsequent pleadings in the action, or at the trial thereof, that all the original defendants are liable, the plaintiff shall be entitled to judgment, or to verdict and judgment, as the case may be, against the defendants, who appear liable; and such as are not liable shall have judgment, and recover costs as against the plaintiff, who shall be allowed the same costs against the defendants who so pleaded." I cannot see any good reason why the said 18th and 19th sections will not be equally as applicable in the case of a plea in abatement *puis darrein continuance* as to the former plea for non-joinder. If I am right in these views, then it follows, that in the case before us the plaintiff had a right to discontinue his action as to the persons he did, and the appellants then had a right to plead in abatement *puis darrein*, and failing to do so, and in no way objecting in the circuit court to the discontinuance, it is now too late to raise the question in the Appellate Court.

As to the second assignment of error, viz: that judg-

ment was not rendered against Miller, who did not plead,
but as to him office judgment had been confirmed. The
judgment in the office as to Miller was by default, and
no final judgment as to him could regularly be entered,
until the issues, as to the other joint defendants, were
disposed of, it being dependent on the finding upon
those issues, and should be joint.

But the other defendants having withdrawn their Syllabus 7.
pleas, and suffered the plaintiff to prove his cause of
action, as the face of the judgment shows, the judgment as
to them, under the principles enunciated in *Holliday's
ex'ors* v. *Myers &c.*, 11 West Va. 276, was not one by
default, nor is it by confession; but it is a judgment
rendered upon proof of the cause made to the court,
and without an issue joined between the parties then
before the court. After the withdrawal of the pleas,
the case then stood upon the declaration, as against
those defendants, as to whom the action had not been
discontinued. The declaration, alleging that said de-
fendants being partners made the note " and subscribed
their partnership name of Ruffner, Donnally & Co.
thereto," thus presenting an issue upon the *factum* of the
note as partners of said firm; and the said defendants
having refused to take the issue so tendered by the with- Syllabus 8, 9.
drawal of their pleas, they, by virtue of chapter 125,
section 41, Code, relieved the plaintiff from the necessity
of proving the fact of the partnership, there being no
affidavit denying such partnership; and their defense in
that respect was therefore cut off, and evidence could not
be heard to disprove the genuineness of the note. *Phaup
&c.* v. *Stratton*, 9 Gratt. 615. Miller therefore, not
having filed the affidavit required by said 41st section,
could not expect to be more favored, under the rule in
that respect, than the others declared against with him
jointly as partners. And the same rule extends to Clark-
son, Wood and Shrewsbury, as to whom the question is
raised under error third, who had withdrawn their
pleas, they having been declared against jointly with the

1877.
Special Term.

Carlon's adm'r
v.
Ruffner et al.

Syllabus 10.

Syllabus 11.

Syllabus 12.

Syllabus 13.

other defendants, and the plaintiff not having discontinued the case as to them.

Hence, as the only question for the court to determine in that stage of the case, was, as to the amount of the debt due on said note, it was its duty to have given judgment upon proof of the amount of the debt, against all the defendants, who had been duly served with process, and as to whom the case had not been discontinued or abated. Therefore it was error in the court in not including Miller, Wood, Clarkson and Shrewsbury in the said judgment of April 8, 1870.

As to the fourth assignment of error, 'viz: that the court gave judgment against James S. O. Brooks and N. S. Brooks, upon whom no process had been served in the action. The judgment in that respect is clearly wrong. The case as to them had not been maintained. Not having been summoned to plead to the action, and not having appeared, the plaintiff had no right to take a judgment against them. He had a right under the 52d section of chapter 125, Code, either to discontinue his action as to them, or from time to time, as the process was served as to them, to proceed to judgment against them, until judgment was obtained against all. Evidently he did not intend to discontinue his action as to them, as he accepted judgment against them, and not having abided his time, as authorized by statute, until process had been duly executed, it was error to take judgment against them.

Having thus disposed of the questions presented by the record as to the judgment of April 8, 1870, we are now met with those presented by the record as to the judgment of June 25, 1874.

James S. O. Brooks and N. S. Brooks made a motion in the court below, after service of notice on the plaintiff, to reverse and set aside the judgment rendered against them and others on April 8, 1870, because process had not been served on them. Under the principles laid down in the case of *Gunn et al* v. *Turner's*

*adm'r*, 21 Gratt. 382, that motion was properly made in the court below, and it was not error for the said court to reverse and correct the judgment of April 8, 1870, as to them; but the court erred in the judgment of June 25, 1874, sending the case back to rules as to Miller. All that the court could do, under that motion, was to correct the judgment as to the two Brooks. And for that purpose it was not necessary, that the appellants should have been made parties to the motion, as they now argue, because under the circumstances they could not be injured, as the said two persons, if liable in the action, were not released therefrom, neither by the judgment of the court, nor the act of the plaintiff. Nor did the court err, as is now assigned by appellants, in refusing to receive the pleas and affidavit attempted to be filed at the hearing of the motion, because the object of the motion was to correct the former judgment only as to James S. O. and N. S. Brooks, and the persons attempting to file the pleas and affidavit had already had their day in court, and were not parties to the motion. Such should be the rule to end litigation.

I am therefore of opinion, that these two causes, as brought before us, constitute but one cause, and so determine, that the judgment of June 25, 1874, so far as it corrects and amends the judgment of April 8, 1870, as to James S. O and N. S. Brooks, is not erroneous, but so far as it remands the case to rules as to said Miller, it is erroneous. But, as the judgment of April 8, 1870, as thus amended, is still erroneous, in this: that it failed to include Samuel A. Miller, John N. Clarkson, Henry H. Wood and William D. Shewsbury, the said judgment as so amended therefore should be reversed and annulled, with costs to the plaintiffs in error against the defendant in error to be paid out of the assets of his intestate to be administered.

And this court proceeding to render such judgment as the court below ought to have rendered on the 8th day of April 1870, it is considered by the court, that the

*1877.*
*Special Term.*
_____
Carlon's adm'r
v.
Ruffner *et al.*

Syllabus 14.

Syllabus 15.

Syllabus 16.

plaintiff John Slack, Jr., as administrator of John Carlon, deceased, do recover against the said defendants Lewis Ruffner, Andrew F. Donnally, William Donnally, John D. Lewis, Nathaniel V. Wilson, Enos S. Arnold, John P. Hale, Richard C. M. Lovell, William A. M. Miller, William C. Brooks, Samuel H. Early, Samuel A. Mullen, John N. Clarkson, Henry H. Wood and William D. Shewsbury the sum of $3,343.71, with interest thereon from the 8th day of April, 1870, until paid, and the costs of this suit, together with $15.00 prescribed by the court according to law. And it is further considered, that said James S. O. Brooks and N. S. Brooks recover against John Slack, Jr., administrator of John Carlon, deceased, their costs about their said motion in the circuit court of Kanawha county expended, to be levied of the assets of his intestate in his hands to be administered, and this cause is remanded to the said circuit court of Kanawha county as to the said James S. O. Brooks and N. S. Brooks with instructions to said circuit court, to remand this cause to rules as to them, to be proceeded in according to law, if the plaintiff John Slack, Jr., administrator as aforesaid, so ask.

The other Judges concurred.

CAUSE REMANDED.