(Id) 52 Pac 163

[L. A. No. 197.    Department One.—February 17, 1897.]

HENRIETTA SCHART, Appellant, *v.* FREDA SCHART et al., Respondents.

Summons—Service by Publication—Mailing of Copy—Completion of Service.—When the affidavit for publication of summons shows that the residence of nonresident defendants is known to the plaintiff, and the order for publication requires copies of the summons to be mailed to each of them, the substituted service is not complete unless the copies of the summons are deposited in the postoffice, directed to the defendants as required by the order.

Id.—Foreclosure of Mortgage—Vacation of Judgment by Default—Motion of Prior Mortgagee.—Upon proof by affidavit of failure to deposit copies of the summons in the postoffice as directed by the order of publication, in an action to foreclose a mortgage against nonresident defendants, upon motion of one of them, who is shown to be the holder

of a mortgage prior to that which was foreclosed, made within one year after the entry of the judgment, it is the right and duty of the court to set aside the default and judgment inadvertently entered.

ID.—PURCHASE OF PROPERTY BY PLAINTIFF—SERVICE OF NOTICE OF MOTION—CODEFENDANT NOT AFFECTED.—Where it appears that the plaintiff was the purchaser of the mortgaged property under his decree of foreclosure, the notice of motion by a prior mortgagee to set aside the default need only be served upon the plaintiff, and need not be served upon a codefendant against whom no relief is sought upon the motion, and who is not affected by the order vacating the judgment.

APPEAL from an order of the Superior Court of Los Angeles County setting aside a judgment. WALTER VAN DYKE, Judge.

The facts are stated in the opinion.

*Donnell & Howland,* for Appellant.

Bock's codefendant should have been served with notice of his motion, as her rights will be seriously affected by the action of the court. (*Toler* v. *Ayres,* 1 Tex. 398; *Cline* v. *Green,* 1 Blackf. 53; *McKinney* v. *Jones,* 7 Tex. 598; 58 Am. Dec. 83; *Sears* v. *Low,* 2 Gilm. 281; *Baker* v. *Hall,* 29 Kan. 617; *Osborn* v. *Cloud,* 21 Iowa, 238.) As the affidavits filed show that the default of defendant Bock was owing to the inexcusable neglect of his attorneys in Chicago, the default should not be opened. (*Foster* v. *Jones,* 1 McCord, 116; *Burke* v. *Stokely,* 65 N. C. 569; *Kreite* v. *Kreite,* 93 Ind. 583; *Jones* v. *Leech,* 46 Iowa, 187.)

*Holdridge O. Collins,* for Respondent Bock.

The superior court acquired no jurisdiction of defendant Bock, as, although his residence was known to plaintiff and the order of court directed the mailing of a copy of the summons and complaint to the residence of defendants, this was not done, nor were defendants personally served. (Code Civ. Proc., secs. 410, 412, 413, 415, 416.) Respondent Bock applied within the statutory time to have the default and decree set aside. (Code Civ. Proc., sec. 473.)

SEARLS, C.—This is an appeal from an order of the court below setting aside a judgment by default, rendered against the defendants, on the ground that the summons was served by publication, and that no copy thereof was served upon the defendants by mail or otherwise, although the defendants were nonresidents of the state, and their residence as shown by the affidavit for publication was known, and although the order for publication required copies of the summons to be forwarded to said defendants by mail.

The motion to set aside the default was made within one year after the entry of default and judgment, as provided by section 473 of the Code of Civil Procedure.

The moving affidavits show that defendant Bock is the holder and owner of a prior mortgage upon the property covered by plaintiff's mortgage which was foreclosed in the action.

The substituted service was not complete unless a copy of the summons and complaint were deposited in the postoffice, directed to the defendant, as required by the order of the judge.

It became, therefore, not only the right, but the duty, of the court to set aside the default and judgment inadvertently entered.

Appellant objects that the notice of motion by defendant Bock should have been served upon his codefendant, Freda Schart. Bock is not seeking any relief against his codefendant here, but only against the plaintiff. If he shall file a cross-complaint, it will be time enough to serve her therewith. Where the direct legal effect of an order determines the right of a party, he must have notice of the application therefor. This is illustrated in a case where a motion is made to set aside a judgment under which property has been sold and purchased by a third party, where it has been held that such third party must have notice.

In the present instance the property was sold and bought in by plaintiff who had notice, and the direct legal effect of the order appealed from does not, in any

way, operate for or against the defendant, Freda Schart. We recommend that the order appealed from be affirmed.

Britt, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

HARRISON, J., VAN FLEET, J., McFARLAND, J.