(December 3, 1923.)

## CONSOLIDATED WAGON & MACHINE COMPANY, a Corporation, Respondent, v. FRANK HOUSMAN, Appellant.

[221 Pac. 143.]

DEFAULT JUDGMENT—MOTION TO SET ASIDE—ON WHOM SERVED—DEFAULT DUE TO FAILURE OF ATTORNEY—INCOMPLETE NEGOTIABLE INSTRUMENT—WRONGFUL FILLING OUT—HOLDER IN DUE COURSE.

1. A motion to set aside a default judgment, made by one of several codefendants, need be served only on the party in whose favor the judgment runs.

2. *Held*, that the facts establish that appellant's failure to appear was due to the "failure" of an attorney, within the meaning of Sess. L. 1921, chap. 235.

---

Publisher's Note.

2. Whether neglect of counsel is to be imputed to party under statute providing for relief from judgment for mistake, inadver-

3. A payee who takes a note for past indebtedness, in which a blank has been wrongfully filled out, is not a holder in due course under C. S., sec. 5881.

APPEAL from the District Court of the Eleventh Judicial District, for Twin Falls County. Hon. Wm. A. Babcock, Judge.

Action on promissory notes. Appeal from order denying motion to set aside default judgment. *Reversed.*

Bothwell & Chapman, for Appellant.

The court erred in denying appellant's motion to set aside default. It conclusively appears from the record that appellant's failure to appear and answer in this action was solely due to mistake, inadvertence and excusable neglect. (*Humphreys v. Idaho Gold Mining Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Utah Commercial & Savings Bank v. Trumbo,* 17 Utah, 198, 53 Pac. 1033; *Lynch v. DeBoom,* 26 Cal. App. 311, 146 Pac. 908; *Francis v. Tracey,* 28 Cal. App. 320, 152 Pac. 62; *Li Sai Cheuk v. Lee Lung,* 79 Or. 563, 146 Pac. 94, 156 Pac. 254; *Cammarano v. Longmire,* 99 Wash. 360, 169 Pac. 806; *Brandon v. Sullivan Tractor Co.,* 38 Cal. App. 268, 175 Pac. 906; *Porter v. Bryson,* 35 Cal. 688, 170 Pac. 1068; *Williams v. Breen,* 25 Wash. 666, 66 Pac. 103; *Morse v. Callantine,* 19 Mont. 87, 47 Pac. 635; *Kain v. Sylvester,* 62 Wash. 151, 113 Pac. 573; *Nash v. Treat,* 45 Mont. 250, Ann. Cas. 1913E, 751, 122 Pac. 745; *Pellegrinelli v. McCloud River Lumber Co.,* 1 Cal. App. 593, 82 Pac. 695; *McCoy v. Huntley,* 53 Or. 229, 99 Pac. 932; *Simpkins v. Simpkins,* 14 Mont. 386, 36 Pac. 759; *O'Brien v. Leach,* 139 Cal. 220, 96 Am. St. 105, 72 Pac. 1004; *Beardt v. McAllister,* 9 Mont. 405, 24 Pac. 263; *McLaughlin*

tence, surprise or excusable neglect, see notes in 10 **Ann. Cas.** 447; 27 **L. R. A., N. S.,** 858.

3. Right of innocent payee to recover on notes signed in blank and entrusted to third person who exceeds his authority in filling up the blanks before delivery to payee, see notes in 18 **Ann. Cas.** 223; 13 **L. R. A., N. S.,** 490; **L. R. A.** 1915B, 144.

*v. Nettleton,* 47 Okl. 407, 148 Pac. 987; *Miller v. Carr,* 116 Cal. 378, 58 Am. St. 180, 48 Pac. 324.)

"Where an incomplete instrument has not been delivered, it will not, if completed and negotiated without authority, be a valid contract in the hands of any holder as against any person whose signature was placed thereon before delivery." (C. S., sec. 5882; 8 C. J. 190, 191; *Vander Ploeg v. Van Zuuk,* 135 Iowa, 350, 124 Am. St. 275, 112 N. W. 807, 13 L. R. A., N. S., 490; *Builders Lime etc. Co. v. Weimer,* 170 Iowa, 444, Ann. Cas. 1917C, 1174, 151 N. W. 100; *Hartington National Bank v. Breslin,* 88 Neb. 47, Ann. Cas. 1912B, 1008, 128 N. W. 659, 31 L. R. A., N. S., 130.)

James H. Wise, for Respondent.

Every party whose interest in the subject matter of the notice is adverse to or will be affected by the granting of the motion or changing the former decision of the court is an adverse party within the meaning of the code. (1 Haynes, New Trial and Appeal, p. 86, and cases cited.)

An adverse party within the meaning of C. S., sec. 7153, means any party who would be prejudicially affected by modification or reversal of the judgment or order appealed from. (*Bannock Nat. Bank. v. Automobile Accessories Co.,* 36 Ida. 527, 212 Pac. 864.)

The neglect of an agent of a party to retain counsel as per instructions is not ground for setting aside a default. (*Lenhart v. Kirkwood,* 130 Ill. App. 398; *Pool v. Peoria Cordage Co.,* 5 Neb. Unof. 238, 97 N. W. 1015; *Dunkirk v. Deslandes,* 137 Pa. St. 285, 85 Atl. 921; *McAndrews v. Security State Bank of Montrose,* 25 S. D. 590, 127 N. W. 536; *Kinkead v. Moriarity,* 29 S. D. 202, 136 N. W. 101.)

Failure of defendant to appear and plead because of apparent misunderstanding between himself and counsel is not sufficient grounds in setting aside a default judgment. (*Cololough v. Walker,* 18 Ga. App. 778, 90 S. E. 742; *Munroe v. Dougherty,* 196 Mo. App. 1024, 190 S. W. 1022; *Holland v. Edgecum Benevolent Assn.,* 176 N. C. 86, 97 S. E. 150.)

The neglect of a defendant who only gives passive inattention to his case will not be excused. (*Ball v. Mander,* 167 How. Pr. 468; *Norton v. McLaurin,* 125 N. C. 185, 34 S. E. 269; *Simpson v. Brown,* 117 N. C. 482, 23 S. E. 441; *Brand v. Baker,* 42 Or. 426, 71 Pac. 320; *Ticknor v. McGinnis,* 33 Ida. 308, 193 Pac. 850; *Armstrong v. Hartford Fire Ins. Co.,* 33 Ida. 303, 195 Pac. 301.)

McCARTHY, J.—This action was brought by respondent against G. W. Faulkner, Anna Faulkner, N. H. Rubottom and George Horal, defendants, and Frank Housman, defendant and appellant, to recover $2,922.73, with interest and attorney fees upon two promissory notes alleged to have been executed by defendants, G. W. Faulkner and Anna Faulkner, and to have been indorsed, and the payment thereof guaranteed, by defendants Rubottom and Horal and appellant. Judgment by default was entered by the clerk of the district court against all of the defendants except Rubottom. Notice of motion to set aside default and motion to set aside default were filed by appellant, supported by the affidavit and verified answer of appellant, and affidavits of N. H. Rubottom and W. P. Guthrie, alleging the facts to be as follows. When summons was served on appellant, he learned for the first time that the notes were outstanding with his indorsement, and was informed by Rubottom and Horal that there was no liability on his part, and that they were employing counsel to defend the action and would have such counsel make appearance for him; appellant relied upon these statements of his codefendants and understood that an appearance had been made; the attorney employed by Rubottom was instructed to make appearance for appellant, but the instructions were misunderstood by the attorney; appellant had no knowledge of the failure of counsel employed by Rubottom to make appearance for him until after default judgment had been entered against him and execution issued thereon; appellant has never admitted liability on the notes, and had it not been for such assurances by his

codefendants he would have employed counsel and made appearance. No counter-affidavits were filed. From an order denying the motion to set aside the default judgment this appeal is taken.

The specifications of error are that the court erred in denying the motion because (1) it appears that appellant's failure to defend the action was due to excusable neglect, and (2) the proffered answer states a defense. Many questions of law are discussed in the briefs, but we will consider only those which we deem decisive of this case.

Respondent contends the order should be affirmed because the trial court was without jurisdiction to grant the motion for the reason that it was not served upon the adverse parties. It was served upon respondent, plaintiff in the court below, but not upon the codefendants. It is claimed that codefendants Rubottom and Horal, co-indorsers with appellant, were adverse parties upon whom appellant had to serve his motion to set aside the judgment in order to confer jurisdiction upon the court. Respondent attempts to draw an analogy in this regard between the motion to set aside the default judgment and a motion for a new trial or a notice of appeal. We are of the opinion that the analogy does not hold good. The statute simply provides for notice to the adverse party without defining that term. (C. S., sec. 6726.) The party in whose favor the judgment runs is the adverse party within the meaning of this section. Codefendants against whom the judgment also runs are not adverse parties. They have no right to insist that the default judgment stand against their codefendant and that he be refused the right to a trial on the merits. (*Carlon's Admr. v. Ruffner,* 12 W. Va. 297; *Schart v. Schart,* 116 Cal. 91, 47 Pac. 927; *Durre v. Brown,* 7 Ind. App. 127, 34 N. E. 577.)

If the amendment of C. S., sec. 6726, made by chap. 235, Sess. Laws of 1921, does not apply to this case, the question whether appellant's neglect was excusable was addressed to the discretion of the trial court, and there is no ground for contending that that discretion was abused. If

that amendment does apply to this case an entirely different question arises. We conclude that it does apply. The judgment was rendered February 21, 1921. The motion to set it aside was made May 24th, and this amendatory act went into effect May 4th. It therefore applied to the motion. (*Brainard v. Coeur d'Alene Antimony Min. Co.*, 35 Ida. 742, 208 Pac. 855.) In justice to the trial court we point out that this point was not raised before it, being made for the first time on appeal. The pertinent part of the act in question is as follows:

"Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100."

The uncontradicted affidavits show that Rubottom, a codefendant of appellant, stated to him that he would instruct his attorney, Guthrie, to appear for appellant as well as for himself. Rubottom swears that he did so instruct Guthrie. Guthrie does not deny this, but says that he misunderstood the instructions and therefore failed to appear for Housman although he did appear for Rubottom. It might be contended that he was not Housman's attorney within the meaning of the act unless he accepted employment on his behalf, and that he did not accept it due to the misunderstanding. This is, however, too narrow a construction. If he was instructed to appear for both and appeared for only one, we think this would constitute a "failure" of an attorney within the meaning of the act. It might also be contended that Housman was not "otherwise without default" in that he trusted Rubottom to engage an attorney

for him instead of doing it for himself. We conclude that this action was reasonable on his part and did not constitute negligence. It appearing that the judgment was taken against appellant through the failure of an attorney within the meaning of the act, nothing was left to the discretion of the court and the judgment should have been set aside.

Respondent contends that the order should be affirmed because the proffered answer did not state a defense. This court has held that, under the act of 1921 above construed, it is not necessary to present an affidavit of merits or proffer an answer. (*Weaver v. Rambow,* 37 Ida. 615, 217 Pac. 610.) However, where an answer is proffered, as in the present case, it would be idle to sustain the motion if the answer does not state a defense. The defense stated in this case is as follows: Appellant indorsed in blank the promissory notes in question and deposited them with his codefendant, George Horal, and the latter, in violation of appellant's instructions and without authority from appellant, filled out, executed and delivered them to respondent in satisfaction of a pre-existing indebtedness to respondent which Horal and Rubottom had assumed. An incomplete negotiable instrument cannot be enforced against any person who became a party thereto prior to its completion unless filled out strictly in accordance with the authority given; but if, after completion, it is negotiated to a holder in due course, it is valid in his hands even though not filled out in accordance with the authority given. (C. S., sec. 5881.)

"A payee who takes a note for past indebtedness, in which a blank has been wrongfully filled out, is not a holder in due course, within the meaning of the section in the negotiable instruments law requiring blanks to be filled according to instructions, but providing that, if such instrument is, after completion, negotiated to a holder in due course, he may enforce it as if it had been filled up strictly in accordance with the authority given." (*Vander Ploeg v. Van Zunk,* 135 Iowa, 350, 124 Am. St. 275, 112 N. W. 807, 13 L. R. A., N. S., 490; *Hartington Nat. Bank v. Breslin,* 88 Neb. 47, Ann. Cas. 1912B, 1008, 128 N. W. 659, 31

L. R. A., N. S., 130.) If the facts be as alleged by appellant, respondent was not a holder in due course. We conclude that the proffered answer states a defense.

Appellant also contends that the judgment is void because the complaint does not state a cause of action. This point was not mentioned in the motion or raised in the court below. It is unnecessary for us to pass upon it, and we will not do so. If the judgment is set aside, the question of the sufficiency of the complaint can be raised in the court below. This will be fairer to respondent as it will give it a chance to amend if necessary.

The order appealed from is reversed and the cause remanded, with instructions to the district court to set aside the judgment and permit the filing of the answer, and for further proceedings in accordance with the views herein expressed. Costs awarded to appellant.

William A. Lee and Wm. E. Lee, JJ., concur.