(No. 5272. October 7, 1929.)

GEORGE W. MILLER and JEAN MILLER, Appellants,
v. FRANK BRINKMAN, Respondent.

[281 Pac. 372.]

B. H. Miller, for Appellants.

Ralph L. Albaugh, for Respondent.

WM. E. LEE, J.—For the failure of respondent Brinkman to appear or answer a complaint served on him within the time specified in the summons, a default judgment was entered against him. On Brinkman's motion, the court set aside the default and vacated the judgment. The action was to recover for personal and property injuries and was against the respondent and the General Casualty Company of America. A few days after the entry of the default against Brinkman, the action was dismissed as to the Casualty Company, which had appeared.

It appears that attorney Albaugh appeared for the other defendant and wrote to Brinkman about representing him in the action. Brinkman had not yet been served and did not then reply. When summons was thereafter served on Brinkman he wrote one Upham, the agent of his co-defendant, and asked him to arrange to have Albaugh represent him (Brinkman). Upham arranged with Albaugh, and Albaugh agreed with Upham, to represent Brinkman. Upham then delivered· to Albaugh the copy of the summons and complaint served on Brinkman. Albaugh then had several days within which to file an appearance, but neglected to do so, and the default was entered.

The statute, C. S., sec. 6726, amended, chap. 235, Laws of 1921, provides that: "Whenever any judgment, order or

proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court . . . . shall . . . . set aside such judgment. . . . . '' It is too plain for argument that this 1921 amendment makes it the duty of the court to set aside a default entered against a defendant for the failure of his attorney to appear and answer within the time provided therefor. (*Consolidated Wagon & Mach. Co. v. Housman,* 38 Ida. 343, 221 Pac. 143. See, also, *Weaver v. Rambow,* 37 Ida. 645, 217 Pac. 610; *Brainard v. Coeur d'Alene A. Min. Co.,* 35 Ida. 742, 208 Pac. 855; *Day v. Burnett,* 38 Ida. 620, 224 Pac. 427.)

It is claimed, however, that Brinkman had not engaged an attorney, and was not, therefore, ''otherwise without default.'' It is set forth in the affidavits of Brinkman, Albaugh and Upham that Albaugh was Brinkman's attorney, and that he had been engaged in plenty of time to file an appearance for Brinkman. Having engaged Albaugh to represent him, Brinkman was, therefore, ''otherwise without default.'' (*Brainard v. Coeur d'Alene A. Min. Co., supra; Consolidated Wagon & Mach. Co. v. Housman, supra.*) And a party is not required to personally engage an attorney to be ''otherwise without default,'' but may do so through another. (*Consolidated Wagon & Mach. Co. v. Housman, supra; Brainard v. Coeur d'Alene A. Min. Co., supra.*)

It is contended that the court should not have set aside the default because the motion therefor was not accompanied by any sufficient showing of a meritorious defense to the action. On the other hand respondent urges that there is such a showing, and also that this court has held that a default may be set aside under such circumstances without stating any grounds of defense to the action. (*Weaver v. Rambow, supra; Consolidated Wagon & Mach. Co. v. Housman, supra.*) In the latter case, it was held in substance that the answer, which accompanied the motion, stated a good defense to the action. However, it would

seem to be idle to set aside a default unless the party against whom it is taken has a meritorious defense to the action. (*Culver v. Mountain Home Elec. Co.*, 17 Ida. 669, 107 Pac. 65.) The moving party, therefore, ought to accompany his motion with a proposed answer or, in addition to the grounds on which the motion is based, set forth the facts constituting his defense. (*Culver v. Mountain Home Elec. Co.*, *supra.*) An examination of the affidavits of Brinkman and Albaugh discloses sufficient facts, in my judgment, to constitute a defense to the action.

Believing, as it had a right to do, that before the time had elapsed for appearing in the action, Brinkman had engaged an attorney to represent him, and that it was the fault of the attorney that the default was entered, the trial court properly set aside the default. The order is affirmed.

Costs to respondent.

T. Bailey Lee and Varian, JJ., concur.

Budge, C. J., and Givens, J., concur in the conclusion.