212 P.2d 393

**In re HENRY'S ESTATE.**

No. 7542.

Supreme Court of Idaho.

Dec. 9, 1949.

Parry, Keenan, Robertson & Daly, Twin Falls, for appellant.

Lawrence B. Quinn, Twin Falls, for respondent.

GIVENS, Justice.

Deceased died testate November 21, 1945, bequeathing all her separate property, including the Myers Hotel in Eden, share and share alike, to her daughters, Virginia Blanche Roylance and Eulah Belle Lawrence; her interest in her community property to her surviving husband, if she predeceased him; naming her daughter Virginia as executrix to serve without bond, who qualified January 3, 1946. Probate proceedings were regularly inaugurated and prosecuted and inventory and appraisement were filed February 2, 1946. Surviving husband is hereinafter referred to as appellant and the executrix, as respondent.

Appellant served on counsel for executrix and filed in the Probate Court July 5, 1946, his petitions for decree of distribution and an accounting, particularly as to asserted contributions by appellant to property claimed to constitute separate property of deceased, and for probate homestead in part of said Hotel. Petition for settlement of final accounting and distribution of the estate was likewise filed by executrix, who also filed, but did not serve answers to appellant's petitions. All of these matters were heard July 16, 1946; appellant's petitions were denied and a decree of distribution was entered July 22, 1946.

December 6, 1946, appellant filed his application asking that the above orders and decrees be set aside on the ground counsel for appellant communicated both by telephone and letter with the Probate Judge, inquiring, though hearing on the various matters was set for July 16—

"* * * whether that date would be for appearance or the date for trial, and the Probate Judge replied that it was immaterial to him, it could either be an appearance date or the date of trial; whereupon affiant herein stated in substance; 'All right Judge, I'll get in touch with opposing counsel and tell them that July 16, 1946 at 10 a. m. is the date for appearance and we can later agree upon a date for trial,' to which Judge Comstock replied 'All right'; that thereafter on July 9, 1946, affiant herein called the office of Chapman and Chapman on the telephone and stated that he, affiant, had talked with Judge Comstock at Jerome over the telephone, and had been informed by the Judge that the date and hour for hearing the petition of A. J. Henry for Homestead and for Decree of Distribution and Accounting in the matter of the estate of Mary L. Henry, had been fixed for July 16, at 10 a. m., and that the Judge said it was agreeable with him to treat this date of hearing in both matters as the appearance date, and that we could agree upon a trial date later, to which Marshall Chapman replied 'All right;' that affiant herein on July 9, 1946, confirmed his understanding of said matter by writing a letter to the Probate Judge of Jerome County, Idaho, which was mailed on said date and appears in the files of this action and is in words and figures as follows, to-wit:

"'July 9, 1946.
"'Hon. William G. Comstock,
  Probate Judge,
  Jerome, Idaho

Re: Mary L. Henry, Estate of
Dear Judge Comstock:

"'It is my understanding that July 16, 1946, at 10 o'clock A.M. is the appearance date in the above entitled case. After appearance is made, we will make arrangements with you for date and time of trial.
Very truly yours,
/s/ James R. Bothwell.'

that on July 16, 1946, Virginia Blanche Loy, Executrix of the Last Will and Testament of Mary L. Henry, deceased, made her appearance to said Order to Show Cause Why Said Petition should not be Granted by filing an Answer to said petition which is sworn to July 16, 1946, before Marshall Chapman, Notary Public, for Idaho, residing at Twin Falls, Idaho; that said Answer was not served on affiant herein, who was the attorney-of-record for the said A. J. Henry in said matter; that there appears on the last page of said Answer the following: ·

"'Service of a copy of the Above Answer to Petition of A. J. Henry for Decree

of Distribution and Accounting is hereby acknowledged this 16th day of July, 1946.

" 'Attorney for Petitioner, .
A. J. Henry.'

that affiant herein had no notice that said answer had been filed or that any appearance had been made by the said Virginia Blanche Loy, Executrix of the Last Will and Testament of Mary L. Henry, deceased, until October 26, 1946, at which time affiant called on the Probate Judge of Jerome County, Idaho, at his office and requested that an order be entered requiring the executrix to file answer forthwith and that the petition for decree of distribution and accounting be heard on its merits; that affiant thereupon examined the files and found the answer which was verified July 16, 1946, and marked filed July 16, 1946 in the file, and also found the Order denying the petition of A. J. Henry for decree of distribution and accounting dated and filed July 22, 1946; that on or about June 24, 1946, said petitioner A. J. Henry, by reason of his advanced age and by reason of illness became mentally incompetent to care for or manage his property; that he has one son Ray F. Henry who resides at Eden, Idaho, and one son, Paul L. Henry, who resides in Portland, Oregon; that affiant herein kept in communication with the sons of A. J. Henry, viz., Ray F. Henry and Paul L. Henry, during the latter part of August and in September and up to on or about October 26, 1946, relative to proceedings for the appointment of a guardian for the said A. J. Henry and in relation to the matter of closing the estate of Mary L. Henry in accordance with the petitions filed by the said A. J. Henry for homestead and for decree of distribution and accounting; that on October 18, 1946, affiant herein sent a night letter to Paul L. Henry, one of the sons of said A. J. Henry, in words and figures as follows, to-wit:

" 'Paul L. Henry
c/o R. M. Wade Corporation
Portland, Oregon

" 'Should Like To Have Petition For Distribution, Accounting And For Homestead To Be Set Aside In Mary L. Henry Case Set For Latter Part Of October Or Early November. Please Advise By Wire When You Can Be Present. Hearing May Occupy Two Or Three Days.

" 'James R. Bothwell.'

that on November 8, 1946, the sons of said petitioner A. J. Henry, viz., Ray F. Henry and Paul L. Henry, signed and verified a petition for appointment of Ray F. Henry as guardian of the estate of the said A. J. Henry; that said petition was filed in the Probate Court of Jerome County, Idaho, on November 9, 1946, and thereafter on hearing duly had after notice as required by law, on the 16th day of November, 1946, at the hour of 2 o'clock P.M., Ray F. Henry, son of said petitioner A. J. Henry was duly and regularly appointed guardian of the estate of the said A. J. Henry, and the said Ray F. Henry is now and has been at all

times since November 16, 1946, the duly appointed, regularly qualified and acting guardian of the estate of the said A. J. Henry, and is proceeding herein for and on behalf of the said A. J. Henry.

"That the order entered herein dated and filed July 22, 1946, denying the petition of A. J. Henry for decree of distribution and accounting was taken against the said A. J. Henry without his knowledge or consent at a time when he was mentally incompetent to care for or manage his property and was taken against the said A. J. Henry through the mistake, inadvertence, surprise and excuseable neglect of affiant herein, who was the attorney-of-record for the said A. J. Henry in that affiant herein understood that there had been a complete understanding between himself and W. G. Comstock, Probate Judge and Marshall Chapman, attorney for the Executrix, that July 16, 1946, would be considered as the appearance date for the Executrix and that affiant would be served with a copy of the answer to the order to show cause filed by said executrix, and that the trial of said action would not proceed in the absence of affiant, and affiant would be given notice of the date of the trial; that affiant herein and said petitioner exercised due diligence in the premises and it was impossible for affiant to proceed herein on behalf of said petitioner until affiant's son Paul L. Henry could come to Twin Falls, Idaho, to join with his brother, Ray F.

Henry, in a petition for the appointment of a guardian of the estate of the said A. J. Henry."

Objections to the setting aside of the orders and decrees were filed and counsel for the executrix, in his counter affidavit, denied there was any such conversation or understanding with counsel for appellant, but did admit that prior to the hearing and on July 16, there was exhibited to him the letter above set forth in the affidavit of appellant's counsel.

The present appeal is from the order of the Probate Judge refusing to set aside the default, affirmed by the dismissal of appellant's appeal therefrom in the District Court.

■ Conceding, though there may be a question as to the proposition under the circumstances herein, that to set aside a default there must be a showing of merits, Weaver v. Rambow, 37 Idaho 645, 217 P. 610; Consolidated Wagon & Machine Co. v. Housman, 38 Idaho 343, 221 P. 143; Voellmeck v. Northwestern Mut. Life Ins. Co., 60 Idaho 412, 92 P.2d 1076, the record herein discloses there was such a showing of merits on file, consisting of the petitions for an accounting in connection with the claimed contributions by appellant to claimed separate property, and a probate homestead, which were sufficient to comply with this requirement. Miller v. Brinkman, 48 Idaho 232, 281 P. 372.

■ We accept respondent's proposition that the burden of proof was upon appellant to show the default should have been set aside.

Both counsel for appellant and counsel for the executrix at the time these matters were heard, up to and at the time of the appeal in the District Court, are dead. Appellant is now represented by other counsel and the executrix by counsel who, though associated with her former counsel, did not actively participate in the proceedings at issue.

The affidavits of these two former attorneys are in direct conflict. Conceding, therefore, that the burden being upon appellant, the situation as to the telephone calls and mutual understanding is in equipoise, the fact nevertheless indubitably remains that as counsel for executrix admitted at the time of the hearing July 16, appellant's letter stating it was his understanding the hearings would be set at a subsequent time, was before him.

■■ The Probate Court, under these circumstances, could and should have deferred the hearing. The statutes specifically authorize postponements and continuances, Sections 15-1118-19 and 15-1303, I. C., and the case falls within the doctrine announced in Humphreys v. Idaho Gold Mines, etc., Co., 21 Idaho 126, 120 P. 823, 40 L.R.A.,N.S., 817, to this effect: that if counsel, though erroneously, honestly thought the case was to be heard not on the 16th, but at a later date to be set when agreeable to all parties, and that he took reasonably prompt action when he learned that a trial had been had in his absence and without notice to him, though no request under Sec. 15-328, I.C., had been made, was evidence enough to set in action the discretion of the Court to open the default. It can hardly be said counsel for appellant was negligent, nor was it so much any mistake on his part, but rather a misapprehension—perhaps deluded—as to the time when the hearing would be held. The following cases in principle following Humphreys v. Idaho Gold Mines, etc., Co., supra, clearly hold the default should, under these circumstances, be set aside: Wagner v. Mower, 41 Idaho 380, 237 P. 118; Miller v. Brinkman, supra; Kivett v. Crouch, 61 Idaho 536, 104 P.2d 21.

The judgment of the District Court is, therefore, reversed and the cause is remanded with instructions to the District Court to order the Probate Court to reinstate the proceedings before him, Snow v. Probate Court, 60 Idaho 611, at page 616, 95 P.2d 844; Simons v. Davenport, 66 Idaho 400, 160 P.2d 464, and hear the petions of appellant, now represented by guardian, on their merits. Costs awarded to appellant.

TAYLOR and KEETON, JJ., and McDOUGALL, District Judge, concur.