## O'NEILL v. JONES.

The word "meritorious," as used in connection with a "meritorious defense," means that the defense is good and lawful, and, when pleaded properly in time, must be recognized as a good lawful defense. While any defense given by statute is meritorious, it does not follow that for that reason it has merit equal to any other defense, thus removing from the courts the right to descriminate between different defenses, so that, where it appears that a defense otherwise meritorious when offered for the first time in an amended pleading if allowed would work an injustice instead of a justice, the court should refuse it.

Plaintiff, as assignee, sued on certain notes given by defendant and his partner for farm machinery to a foreign corporation. Service was made on May 8, 1906, and on the 22d defendant interposed a general denial and an express denial of the allegations as to the giving of the note and the consideration. Defendant on August 25th moved for an order allowing him to serve an amended answer to interpose the defense that the payee was a foreign corporation which had not complied with the laws of the state, and that plaintiff received the notes with full knowledge of the fact. It did not appear that the payee had in any manner through its being a foreign corporatioon injured defendant, nor was any excuse given for defendant's failure to plead such defense originally except an alleged custom between the offices of plaintiff's and defendant's attorneys to accept service of pleading after time, unless such delayed service would jeopardize the trial at a particular term of court, which it was claimed the amendment would not do. **Held,** that the amendment was properly disallowed notwithstanding the custom.

(Opinion filed, Nov. 10, 1909.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by Harry E. O'Neill against Jonah Jones. From an order denying defendant's motion to amend his answer, he appeals. Affirmed.

*Joe Kirby,* for appellant. *Aikens & Judge,* for respondent.

WHITING, J. This is an action brought in the trial court to recover upon two certain promissory notes given by a partnership of which the defendant and appellant herein was a member, and which said notes were given to a machine company, and afterwards assigned to the plaintiff herein. The defendant appeared by counsel and accepted service of the summons and complaint on May 8, 1906, and on May 22, 1906, the defendant,

through his said counsel, interposed an answer, which answer contained a general denial, coupled with an express denial of those allegations of the complaint which related to the giving of the notes and to the consideration for same. Nothing further appears to have been done by defendant, until, on August 25th, the defendant, through his attorney, moved the court for an order allowing him to serve an amended answer, which motion was based upon an affidavit of the attorney for the defendant with the proposed amended answer attached thereto. This motion being resisted, the court, after consideration, denied same, and this appeal is from the order denying such motion to serve amended answer.

From the affidavit submitted on behalf of the appellant, it appears that the summons and complaint were served upon the attorney for appellant May 8, 1906; that the appellant was absent from the state and remained absent until after August 25, 1906; that upon such service of summons the attorney for the appellant communicated with appellant and received authority to appear for him; that he answered herein on May 22, 1906, intending to examine into the case more fully later on, and, if necessary, interpose an amended answer; that there had existed for years past a custom between the law office of affiant and that of plaintiff's attorney, under which custom they had accepted service of pleadings even if served after time, unless such delayed service would jeopardize the trial at some particular term of court; that, when the summons and complaint were presented to affiant, he was engaged in the trial of a case in circuit court, and was subsequently engaged in trial of other matters until August 17, 1906, which was the first time or opportunity he had in which to examine into the merits of the above-entitled action. Affiant further swore that, if it had not been for the above-mentioned custom, he would have dropped other business and attended to amended answer at earlier date, but that he relied on the custom and expected that plaintiff's attorney would admit service upon any amended pleadings at a later date; that upon August 17, 1906, and upon examining into this case, affiant was informed of and found for the first time the existence of the facts

that are set forth in the further and separate defense contained in the proposed amended answer; that affiant prepared such amended answer, and tendered the same to plaintiff's attorney and service of same was rejected; that no term of court will be missed, and there will be no delay by the service of such amended answer; that affiant had knowledge of the matters set forth in such proposed amended answer, and made the affidavit owing to absence of his client; that affiant had as much knowledge of the matters pleaded as had his client. The further and separate defense pleaded in such proposed amended answer was to the effect that the payee named in the notes was a foreign corporation which at the time the notes were given had not complied with the laws of this state requiring the appointment of a local agent for service of summons, and that the plaintiff received the notes with full knowledge of such fact. No affidavit was offered in answer to the affidavit of defendant, but the respondent contends that such proposed amended answer does not set forth a meritorious defense, and that for that reason the court was justified in rejecting the same, and the respondent further urges that it plainly appears that appellant did not believe that he had any defense until his attorney had read the decision of this court in the case of American Copying Company v. Eureka Bazaar, 20 S. D. 526, 108 N. W. 15 9 L. R. A. (N. S.) 1176, which case was decided on June 13, 1906, and appeared in the advance sheets of the Northwestern Reporter about August 7, 1906. The appellant contends that it cannot be claimed that the defense now offered is not meritorious; it being a defense given by the statutes of this state, and therefore under the decisions of this court meritorious— citing Garvie v. Greene, 9 S. D. 608, .70 N. W. 847; Houts v. Bartle, 14 S. D. 322, 85 N. W. 591.

It is true that this court has held, as contended, by appellant, that any defense given by statute is meritorious, but we do not think there can be found among the decisions of this court any decision which is subject to the construction of holding that, simply because a defense is meritorious, it has therefore merit the equal of any other defense, thus removing from the courts the right to

discriminate between different defenses. We think the word "meritorious" as used in the decision of this and other courts means simply that the defense is good and lawful, and that, therefore, when pleaded properly and in time, it must be recognized and treated as a good lawful defense; and, further, that if any legal defense be offered by way of amendement, if it shall appear to the court that the allowance of the same will be in furtherance of justice, then, upon proper showing excusing neglect or delay, a court should allow such defense to be interposed by way of amendment exactly as it should allow any other amendment that would be in furtherance of justice; but, on the other hand, we think, when it appears to the court that any defense, offered for the first time in an amended pleading, if allowed, would tend to work an injustice as between the parties, the court in its discretion should refuse the same. It will be noticed that there is no allegation showing that the original payee of the notes sued upon has in any manner, through its being a foreign corporation, misled, deceived, or otherwise injured the defendant. On the other hand, it clearly appears from all the pleadings, including the proposed amended answer, that the notes sued upon were given as a consideration for farm machinery purchased by the defendant and his former partner and that the defendant is now seeking to be allowed to take advantage of a statute enacted as a matter of public policy, that he may escape an honest debt. We do not wish to be understood as holding that in no case should this defense be allowed in an amended answer, but we do hold that the trial court is justified in refusing such an amendment unless there be some showing that, as between the parties to the action, the allowance of the amendment will tend to the reaching of a just judgment. We quote again with approval the words of the court in the case of Cooke v. Spears, 2 Cal. 409, 56 Am. Dec. 348, quoted by this court in the case of Heegaard v. Dakota Loan & Trust Company, 3 S. D. 569, 54 N. W. 656: "The object of the statute in reference to amendments is unquestionably in furtherance of justice. So far as that goes, courts ought to be disposed to treat such applications favorably. In most instances it is a matter of course that they should be granted; but courts have not been inclined to look

kindly upon statutes of limitation, except when they are used as instruments of justice, and not strategy. * * * The record does not disclose that any attempt was made by the defendant by affidavits or otherwise to show that it was necessary to permit the amendment in order to obtain justice. It is, claimed solely as a legal advantage, to which at one time he would have been entitled, but it is a wise conservatism that it should have but its day in pleading, and no days of grace of right beyond the extent of justice. If it existed in this case, it was not shown." If the above words were pertinent to a plea of statute of limitation, which statute is founded, in part, at least, upon the presumption that the claim sued on has been paid when the statutory period has elapsed, how much more pertinent are they· to a plea based on a statute such as the one involved in proposed amendment, which statute is founded purely upon public policy, and not in any manner based upon any question of right or justice between the corporation and the party it deals with.

It will also be noticed from the statement herein given of the contents of the affidavit presented to the trial court that it does not appear therein where the affiant learned of the facts pleaded in his proposed amended answer. We think that such affidavit should have shown, not only when the counsel took steps to learn the facts pertaining to this case, but also what steps he took, and exactly what information he received. This court will take judicial notice that, even if counsel for appellant had a no more convenient source·of knowledge than the office of the Secretary of State, yet between May 22, 1906, and June 7, 1906 (the last date for answering), such counsel had ample time to ascertain from the Secretary's office the true facts, and surely the affidavit does not show such a condition to exist as to have rendered it excusable not to spend the few minutes necessary to pen a letter of in· quiry to the office of such Secretary of State. Even with a custom existing, such as is claimed to exist between the office of the attorneys herein, we do not believe it should excuse attorneys from all effort to ascertain the facts in the case before interposing a pleading.

The order of the trial court is affirmed.