(August 4, 1923.)

F. C. SPENCER, Appellant, v. P. A. STEWARD and MATTIE STEWARD, His Wife, RALPH PIERCE and NELLIE PIERCE, His Wife, and SOL CALDWELL, Respondents.

[218 Pac. 369.]

UNRECORDED DEED WITHOUT POSSESSION—SUBSEQUENT RECORDED MORTGAGE—DEGREE OF INQUIRY INCUMBENT ON MORTGAGEE—NOTICE OF PRIOR CONVEYANCE—CONFLICTING TITLES.

1. One investigating the title to land with reference to its availability as mortgage security, upon finding the record title clear in the prospective mortgagor, and that the party actually in possession of the premises disclaims any interest in the title and represents that he holds such possession only on behalf of the record title

holder, and having no notice either actual or contructive of any other claims affecting the title, is not bound to further pursue his inquiry.

2. Where one holds as grantee an unrecorded deed to land, but without possession, and subsequent to the date of such deed the grantor gives a mortgage upon the same land to a third party who receives no notice either actual or constructive of the prior deed and records his mortgage, the title of such mortgagee is superior to that of the grantee under the prior unrecorded deed.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge.

Action to quiet title. Judgment for respondents. *Affirmed.*

Fred E. Butler and Edward C. Butler, for Appellant.

Possession of land is actual notice of the right of the possessor and of all facts connected therewith which an inquiry would have disclosed. (13 L. R. A., N. S., 73; 27 R. C. L. 495; *Austin v. Southern Bldg. & Loan Assn.,* 122 Ga. 439, 50 S. E. 382; *Dickey v. Lyon,* 19 Iowa, 547; *Walker v. Neill,* 117 Ga. 733, 45 S. E. 393; *Edwards v. Thompson,* 71 N. C. 177; *Security Loan & Trust Co. v. Willamette etc. Co.,* 99 Cal. 636, 34 Pac. 321.)

Possession of a tenant is actual notice of his landlord's title. (Pomeroy, Eq. Jur., par. 616, 625; 13 L. R. A., N. S., 100; 27 R. C. L., par. 490; *Randall v. Lingwall,* 43 Or. 383, 73 Pac. 1; *McBee v. O'Connell,* 19 N. M. 565, 145 Pac. 123; *Wood v. Price,* 79 N. J. Eq. 620, Ann. Cas. 1913A, 1210, 81 Atl. 983, 38 L. R. A., N. S., 772.)

Possession of a tenant under a recorded lease is notice of any other rights or equities he may have. (*Union Investment Co. v. Abell,* 148 Minn. 229, 181 N. W. 355; *Randall v. Lingwall, supra.*)

Inquiry from a grantor is not sufficient to bind a grantee in possession. (*Canfield v. Hard,* 58 Vt. 217, 2 Atl. 136.)

Opinion of the Court—Steele, District Judge.

McNamee & Clements, for Respondents.

A change of title without visible change of possession cannot operate as either actual or constructive notice of the change of title. (*Fitzgerald v. Williamson,* 85 Ala. 585, 5 So. 309; *Vazie v. Parker,* 23 Me. 170; *Troy v. Walter Bros.,* 87 Ala. 233, 6 So. 54; *Stockton v. National Bank,* 45 Fla. 590, 34 So. 897; *Rogers v. Jones,* 8 N. H. 264; *Paulk v. King,* 86 Ala. 332, 6 So. 612; *Bynum v. Gold,* 106 Ala. 427, 17 So. 667; *Griffin v. Hall,* 111 Ala. 601, 20 So. 685; *Smith v. Yule,* 31 Cal. 180, 89 Am. Dec. 167; *Smith v. Miller,* 63 Tex. 72.)

The presumption that possession of land is constructive notice is only *prima facie* and rebuttable. (*Emeric v. Alvarado,* 90 Cal. 444, 27 Pac. 356; *Hillman v. Levey,* 55 Cal. 117; *Scheerer v. Cuddy,* 85 Cal. 270; 24 Pac. 713; *Penrose v. Cooper,* 86 Kan. 597, 121 Pac. 1103; *McBee v. O'Connell,* 19 N. M. 565, 145 Pac. 123; *Alliance Trust Co. v. O'Brien,* 32 Or. 333, 51 Pac. 640; *Penrose v. Cooper,* 88 Kan. 210, 128 Pac. 362.)

STEELE, District Judge.—The plaintiff, Spencer, brings this action against P. A. Steward and Mattie Steward, his wife, Ralph Pierce and Mattie Pierce, his wife, and Sol Caldwell, for the purpose of quieting title to 390 acres of land in Nez Perce county. All the defendants defaulted except the defendant Caldwell, who filed his answer, claiming an interest in said land by virtue of a mortgage for $10,000, which he claimed was superior to the claim and title of the plaintiff. The evidence was heard, and the decree of the court was in favor of the priority of the mortgage of Caldwell, from which the plaintiff Spencer appeals.

There is but little if any dispute with reference to the essential facts in this case. On and prior to June 4, 1920, the defendant, P. A. Steward, was the record owner of and in possession of the 390 acres of land in question, subject to a mortgage of $16,000 to one Breier.

On the said fourth day of June, Steward, with his wife, Mattie B. Steward, entered into an escrow contract, whereby

he agreed to convey the said premises to the defendant
Pierce. Pierce immediately entered into possession thereof
under such contract of purchase. The contract was acknowl-
edged, so as to entitle it to be recorded, but was not placed
of record.

Thereafter, and on or about January 18, 1921, Steward,
the record owner of said land, borrowed the sum of $3,000
from the appellant, Spencer, giving his promissory note,
signed by himself and wife, and as security for the pay-
ment of said loan, Steward and wife made an assignment of
their rights to receive said money from said escrow agree-
ment until the said sum of $3,000 had been paid to Spencer.
Thereafter, and on November 7, 1921, Pierce failed to make
a payment of $3,000, as provided in the escrow agreement
and entered into a contract releasing Steward from the con-
tract of purchase, which had theretofore been entered into
between himself and Steward, and rescinded the same; and,
for the purpose of further securing Spencer for the repay-
ment of the $3,000, Steward made and executed a warranty
deed in favor of Spencer and made an escrow agreement,
whereby Steward and wife agreed that said deed should be
delivered to Spencer on January 1, 1922, if said money was
not paid prior thereto. On the same date, to wit, November
1, 1921, Spencer entered into an agreement with Pierce,
whereby he agreed to convey the said premises to Pierce, in
the event Steward failed to make the payment on January
1, 1922. Pierce remained in possession of the land, but there
was no act done upon the premises by Pierce, or with refer-
ence thereto which would, in any way, tend to show any
change of title from Steward.

On December 28, 1921, Steward and wife made, executed
and delivered to defendant, Sol Caldwell, a mortgage cover-
ing the whole of said premises, to secure the payment of a
promissory note in the sum of $7,000.

All of these contracts were properly acknowledged, so as
to entitle them to be recorded, but none were recorded ex-
cept the mortgage of the defendant, Caldwell.

The evidence also shows, without contradiction, that at the time negotiations were commenced between Caldwell and Steward with reference to the note for $7,000 given to Caldwell, the latter knew of the contract of purchase which Steward and wife had entered into with Pierce, that Pierce had gone into possession under said contract, and that at the very beginning of the negotiations Caldwell inquired of Steward as to what right Pierce had in the said land, and was informed by Steward that Pierce had no interest in the land, and that the contract of purchase between Steward and Pierce had been rescinded. Caldwell then demanded of Steward that he produce the contract rescinding the contract of purchase, and Steward produced the contract signed by both Pierce and himself, whereby Pierce released the said Steward from all obligations under the contract of purchase, and agreed to turn the possession of the premises over to any person whom Steward should designate, at any time, upon ten days' notice. Caldwell and Steward then had the abstract of title to the property extended, from the time of the Breier mortgage down to that date and had the abstract examined by an attorney, who informed Caldwell that the title was good. Caldwell then made no further inquiry, but accepted a note and mortgage for $7,000 signed by Steward and wife, covering the premises in controversy, which he recorded.

The only question to be determined in this case is as to whether Spencer's title is superior to that of Caldwell's mortgage. The contention of appellant is that Caldwell, prior to taking the said mortgage, should have inquired of the defendant Pierce, who was in possession of the premises, and that by not doing so, he has been guilty of such negligence as would make his mortgage subsequent to appellant's claim.

The possession of land is, *prima facie*, evidence of ownership, and where a third person is dealing with the record owner, who is not in possession of the premises, it is the duty of one about to purchase or become interested in the title of the record owner, to inquire of the one in possession

what his claim to the property is, unless some act or thing has been done by the party in possession which will so mislead the person about to become interested in the title as to give such person a just cause for not making further inquiry.

The law presumes, where one is in possession who is not the record owner, and a third person, who is about to become interested in the premises inquires of the party in possession as to his title, that he will become informed of the true state of affairs, and of the rights of the party in possession. This rule of law, as first established, was applied only to protect the right of the party in possession; but it appears that some of the courts have extended the rule further, and have adopted the rule that where a person should inquire of the party in possession, the presumption of law will be that he would acquire such information as would show what interest, if any, other parties had in the premises; and in this case the appellant claims that it was the duty of Caldwell to make inquiry of Pierce, who was in possession, and that when he failed to do so, the presumption of law arises which would bind Caldwell with notice of the interest which the appellant Spencer had in the said land. If Caldwell had notice, either actual or constructive, of the transaction between Steward and wife and Spencer, then Caldwell's mortgage would be subsequent to the claim of Spencer. It is true that when the defendant Pierce signed the contract, rescinding the original contract between him and Steward, and placed this rescinding contract in the hands of Steward, he placed himself in a position where his acts were likely to mislead any person about to become interested in the land.

It could not be questioned that if Caldwell had gone to Pierce, and asked him about the interest which he claimed in said land, and Pierce had told Caldwell, "I don't claim any interest in it; I have rescinded that contract with Steward," Pierce could not, after Caldwell had accepted a mortgage upon the premises and become interested therein, have claimed any interest as against Caldwell.

The written contract, rescinding the original contract of purchase, was a statement in writing signed by Pierce, that he at that time claimed no further interest in the land, and was at least equally as strong as if the defendant Caldwell had made inquiry of Pierce, and had received such information orally from Pierce. In *Lathrop v. Groton Savings Bank,* 31 N. J. Eq. 273, the court uses the following language:

"A person being the equitable owner, and in the occupancy of land, the record title being in the third party, must refrain from all acts calculated to produce a false impression as to the state of the title, in order to hold a person dealing with such ostensible owner to the duty of inquiring with respect to the interest of such occupier." See, also, Pomeroy's Equity Jurisprudence, sections 616, 623 and 624.

It being conceded that Pierce could not have claimed any interest as against the mortgage of Caldwell on account of his having misled Caldwell by his written statement, Spencer can be in no better position than Pierce. There was nothing to indicate to Caldwell, in so far as the record shows, that any person other than Pierce could have any interest in the land. Pierce was still in possession at the time the mortgage was taken. There had been nothing done on the premises, or about them to indicate that there had been any change of title. Under the law, the mortgage of Caldwell is superior to the claim of Spencer, who, in failing to have any of his instruments placed of record, is chargeable with such negligence as will prevent the court from giving him any relief as against the mortgage of Caldwell.

It follows from the foregoing that the judgment of the district court, holding that the mortgage of Caldwell was superior to the claim of Spencer, must be affirmed. Costs awarded to respondent Caldwell.

McCarthy, Dunn, William A. Lee and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.