(August 4, 1923.)

## S. A. WEAVER, Appellant, v. O. R. RAMBOW, Respondent.

[217 Pac. 610.]

MOTION TO SET ASIDE DEFAULT—WHEN SUFFICIENT—STATUTORY CONSTRUCTION.

1. Under the amendment, Laws 1921, c. 235, p. 526, to C. S., sec. 6726, a motion to vacate a default, made upon the records and files of the cause and supported by the affidavit of the attorney for the moving party that such default had been taken through the negligence and failure of such attorney, without any fault of the defendant, when such facts are not controverted, is sufficient, without stating any of the additional grounds mentioned in said section, and without being accompanied by a showing that the defendant has a meritorious defense.

2. It is a general rule of law that in construing a statute, a court should take into consideration the reason for the law, that is, the object and purpose of the legislature in enacting the same.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Plaintiff appeals from an order setting aside a default judgment. *Affirmed.*

E. H. Berg and Ezra R. Whitla, for Appellant.

The judgment in this action having been the property of the plaintiff, Weaver, he should not be deprived thereof unless there was some sufficient showing in support thereof. (*Ticknor v. McGinnis,* 33 Ida. 308, 193 Pac. 850.)

A motion simply to set aside a default not made upon any grounds cannot be considered or granted by the court. (*Ross v. San Diego Glazed Pipe Co.,* 50 Cal. App. 170, 194 Pac. 1059.)

The affidavit must show one of the statutory grounds. (*Western L. & S. Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084.)

The amendment by adding a new ground, namely, the neglect of the attorney, did not thereby dispense with the

necessity of showing a meritorious defense. (*Culver v. Mountain Home Electric Co.*, 17 Ida. 669, 107 Pac. 65.)

The courts have uniformly held that such enactments should be strictly construed and not be allowed to extend further than the clear intention of the legislature. (*Electric Plaster Co. v. Blue River City Twp.*, 81 Kan. 730, 106 Pac. 1079, 25 L. R. A., N. S., 1237.)

Lynn W. Culp, for Respondent.

"In construing a statute, the court should take into consideration the reason for the law—that is, the object and purpose of the same, and the object in contemplation of the legislative body in enacting the same." (*Rural H. S. D. No. 1 v. School Dist. No. 37*, 32 Ida. 325, 182 Pac. 859, and cases cited; C. S., sec. 9444.)

"Remedial statutes should always be construed to prevent a failure of the remedy." (*Utah & N. R. Co. v. Crawford*, 1 Ida. 770.)

WILLIAM A. LEE, J.—This is an appeal from an order setting aside a default judgment against respondent. Appellant filed a complaint in the district court in and for Kootenai county, to recover upon three separate causes of action, and stated them in a single count. The court required him to amend, and separately state his causes of action. He filed and served upon respondent's counsel this amended complaint October 10, 1921, and said counsel failed to plead to the same within ten days. Respondent was thereupon defaulted October 21, 1921, and the findings of fact and conclusions of law and judgment in the sum of $1,080 and interest were immediately entered. December 3, 1921, respondent's counsel moved to vacate the judgment, and in support of the motion his counsel, Lynn W. Culp, Esq., filed an affidavit setting up the facts substantially as stated, and also that immediately upon the service of the amended complaint he prepared a demurrer to the same, which he intended to file, and believing that it had been filed and served, took no further action until November 23d, when he learned

that this default judgment against respondent had been entered; that there had been no intention to default in said cause, and that he had advised respondent that he had a meritorious defense; that it was the intention of both respondent and counsel to prosecute the same, and that he had been paid a substantial sum for such services.

To this Edward H. Berg, Esq., files an affidavit wherein he states that upon the court requiring him to amend the original complaint, he advised respondent's counsel that he would immediately do so, and further that on the day the judgment was entered, appellant informed him that respondent had stated that the judgment in favor of appellant and against him would be no good; that he, the appellant Weaver, did not believe that respondent intended to go to trial upon said cause of action. That part of Berg's affidavit is denied by respondent.

The order of the district judge setting aside this judgment was made and entered January 21, 1922, no reason being assigned.

Appellant assigns as grounds for reversal that the court erred in entertaining the motion to set aside the default, for the reason that it was not made upon any statutory grounds, and that it did not contain any sufficient showing.

Appellant's counsel contend that the motion to vacate this judgment fails to show that it was made upon any of the statutory grounds, and therefore does not fall within any of the grounds specified in C. S., sec. 6726, which are: (1) mistake (2) inadvertence (3) surprise (4) excusable neglect; and further, that even if the amendment, Laws 1921, c. 235, p. 526, is construed to give an additional ground, still it is necessary to state such ground in the motion. They concede that the amendment was made to relieve a party to an action on account of his attorney's mistake, but contend that under all the authorities, the notice of the motion or application to vacate a judgment must state the ground upon which it is based, and that it is not shown that the defendant has a meritorious defense, and hence that it is idle to ask a court

to vacate a judgment upon any ground unless the moving party can present a meritorious defense.

Prior to the amendment referred to, under all the authorities the contention of appellant would have to be sustained. Not only has this court frequently so held, but all courts have adhered to such doctrine. We are therefore confronted with the question as to what is the purpose of this amendment. Its validity is not questioned, and if it is to be given any effect, and under a familiar rule of construction it must be, it is apparent that the purpose of the legislature was to relieve a party litigant from a default occasioned by the neglect or failure of his attorney, where he himself was free from fault.

This amendment was considered in *Brainard v. Coeur d'Alene Antimony Min. Co.*, 35 Ida. 742, 208 Pac. 855, wherein it is said:

"Was this judgment taken against appellants through the neglect or failure of their attorneys to file or serve a paper within the time limited therefor, and without default on the part of appellants themselves? We conclude that this question should be answered in the affirmative. Appellants were not guilty of any negligence."

That holding will apply equally well to the instant case. There is nothing in the record, nor is it claimed, that the default against respondent was in any manner chargeable to him. He had employed an attorney to represent him, and paid him a substantial sum for such services. It is not pretended that he had any knowledge that his counsel had neglected to file the proper pleading. The default was taken upon the first day at which it could have been taken, and the judgment against him is for a substantial sum. The amendment provides that:

"Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application

filed within the time above limited, set aside such judgment . . . . "

We are of the opinion that under this amendment, a default entered in this manner and for this reason is subject to be set aside upon the application of the party so defaulted, without stating any grounds therefor, where such motion is based upon the records and files in the case, and where such record shows that the default was due to the neglect and failure of the attorney, and not of the party defaulted.

If the moving party is required to make a showing of merit or set up any of the other grounds for vacating a judgment prescribed by this section of the statute, it would follow that the court might hold the same insufficient, although as in the instant case it is not controverted that the default was due to the neglect or failure of the attorney, and the purpose of the amendment would thereby be defeated. It is a general rule of law that in construing a statute the court should take into consideration the reason for the law, that is, the object and purpose of the same, and the object in contemplation of the legislative body in enacting the same. (*Wood v. Independent School Dist. No. 2,* 21 Ida. 734, 124 Pac. 780; *Rural H. S. D. No. 1 v. School Dist. No. 37,* 32 Ida. 325, 182 Pac. 859.)

The judgment of the court setting aside the default is affirmed, with costs to respondent.

McCarthy, Dunn and Wm. E. Lee, JJ., concur.