(March 5, 1924.)

ERNEST G. DAY, Respondent, v. CLAUDE E. BUR-NETT, Appellant.

[224 Pac. 427.]

VACATING JUDGMENT AND SETTING ASIDE DEFAULT—EMPLOYMENT OF ATTORNEY — MISTAKE, SURPRISE, INADVERTENCE AND EXCUSABLE NEGLECT—DISCRETION OF COURT.

1. That part of C. S., sec. 6726, as amended by chapter 235, 1921 Session Laws, providing for relief from default occasioned by the negligence of attorney, cannot be invoked where the party asking for relief was not represented by an attorney.

2. An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order denying such application will not be disturbed on appeal.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles F. Reddoch, Judge.

Defendant moved to set aside default and vacate judgment. Motion was denied and defendant appealed. *Affirmed.*

P. E. Cavaney, for Appellant.

Where an attorney because of mistake or misunderstanding, or excusable neglect, withdraws from a case, leaving his client unprotected, the court will set aside the judgment. (*Utah S. Bank v. Trumbull,* 17 Utah, 198, 53 Pac. 1033; *Nichells v. Nichells,* 5 N. D. 125, 57 Am. St. 540, 64 N. W. 73, 33 L. R. A. 515; *Simpkins v. Simpkins,* 14 Mont. 386, 43 Am. St. 641, 36 Pac. 759; *Adams v. Rathbun,* 14 S. D. 552, 86 N. W. 629.)

Under C. S., sec. 6726, as amended by chap. 235, 1920 Sess. Laws, the court, as a matter of law, should have vacated and set aside the said judgment. (*Brainard v. Coeur d'Alene A. M. Co.,* 35 Ida. 742, 208 Pac. 855.)

In this case no showing is made that the appellant Burnett was not diligent and acting as an ordinarily prudent man would have acted under similar circumstances, and he had a right to rely on the statements made to him by the different counsel and by the clerk of the court. (*Reilley v. Kincaid,* 181 Iowa, 615, 165 N. W. 80; *Simpkins v. Simpkins, supra; Brainard v. Coeur d'Alene A. M. Co., supra.*)

Richards & Haga and H. B. Walker, for Respondent.

The failure to employ counsel or to move to set aside a default for some five months after service of summons upon the sole ground of the lack of funds with which to employ counsel cannot be a legal ground for setting aside a default or judgment. (*Kynaston v. Thorp,* 29 Ida. 302, 158 Pac. 790; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539;

*Vollmer Clearwater Co. v. Grunewald*, 21 Ida. 777, 124 Pac. 278.)

"The defendant must show that his mistake was one of fact and not of law." (*Domer v. Stone*, 27 Ida. 279, 149 Pac. 505.)

"An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed on appeal." (*Culver v. Mountain Home Electric Co.*, 17 Ida. 669, 107 Pac. 65, and cases cited.)

BUDGE, J.—This is an action brought to recover upon a promissory note. Appellant was served with copy of complaint and summons on July 22, 1921 in Ada county, where the action was brought. A demurrer was evidently filed, although the same does not appear in the record. On August 20, 1921, the demurrer was withdrawn and fifteen days allowed within which to answer. On September 29, 1921, default was entered for failure to answer and judgment awarded in favor of respondent on October 8, 1921. On December 27, 1921, appellant, through his attorney, filed a motion to set aside the default, supported by the affidavit of appellant, together with appellant's verified answer. On the same day the motion was denied, but the court, on application of appellant, granted the latter until noon, December 29, 1921, to make further showing. Thereupon additional affidavits were filed in behalf of appellant and on January 4, 1922, after further consideration, the court denied the motion to set aside the default and vacate the judgment. From this order this appeal is taken.

The only error assigned is the refusal of the court to set aside the default and vacate the judgment. Appellant seeks to have the default set aside and the judgment vacated under the provisions of C. S., sec. 6726, as amended by chapter 235, 1921 Session Laws, which provides, *inter alia*, as follows:

"The court may . . . . relieve a party . . . . from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect; and whenever, for any reason satisfactory to the court or the judge thereof, the party aggrieved has failed to apply for the relief sought during the term at which such judgment, order or proceeding complained of was taken, the court, or the judge thereof, in vacation, may grant the relief upon application made within a reasonable time, not exceeding six months after the adjournment of the term. Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100.00."

We are therefore called upon to determine whether or not the showing made by appellant was sufficient to justify the court in refusing to set aside the default and vacate the judgment.

From appellant's first affidavit it appears that on July 22, 1921, he called upon Messrs. Delana & Delana, attorneys, relative to said case and was informed at that time that they would be able to handle it for him but they notified him to the contrary shortly before the time for appearance had expired, and at that time one of the members of that firm requested Judge William M. Morgan, of the firm of Eldridge & Morgan, to file a demurrer in behalf of appellant, for the reason that the firm of Delana & Delana had certain business and professional relations with respondent, which precluded their representing appellant; that thereupon Judge Morgan, as a matter of accom-

modation to Messrs. Delana & Delana, filed a general demurrer; that the firm of Eldridge & Morgan was never at any time retained by appellant; that without the consent and against the wish of appellant the demurrer was withdrawn and appellant given fifteen days to answer; that appellant was never informed as to when he would be compelled to answer or otherwise plead until about the time the default was to be entered; that he was informed by the firm of Eldridge & Morgan that they could not handle the case and he thereupon requested the firm of Davidson & Davison, attorneys, to represent him and was informed that they could not do so unless certain conditions were complied with; that he proceeded diligently to meet their requirements but that default was entered against him before he was able to do so; that he called upon the clerk of the district court before default was entered and was informed by him that nothing further had been done in said cause; that he had no further information in the matter until default was entered against him.

In his second affidavit appellant alleges that default was entered against him on September 29, 1921, through his mistake, *inadvertent surprise*, and excusable neglect; that William Davidson, of the firm of Davidson & Davison, informed him on or about September 21, 1921, that he (appellant) would have to be in court on September 24, 1921, at which time the matter of default would be taken up by the court; that on September 24, 1921, appellant called upon Judge Givens and was referred to the clerk of the district court; that the clerk of the court informed him that no default had been entered against him and that "nothing further would be done in said cause until the next motion day of the court, to wit: October 1, 1921"; that appellant at the time of the entry of default, did not have counsel for the reason that he was unable to pay for such services; that he relied upon the statement of the clerk that nothing would be done until October 1, 1921, on which day appellant learned that default had been en-

tered; that thereafter he procured counsel to represent him and thereupon presented this motion.

The affidavit of William B. Davidson, a member of the firm of Davidson & Davison, substantiates the affidavit of appellant as to appellant's attempt to employ that firm and avers that the firm was not employed by appellant but that he, affiant, arranged with counsel for respondent, prior to September 24, 1921, to extend the time for answer.

The affidavit of Judge Morgan alleges that the general demurrer was filed as a matter of accommodation for Delana & Delana and that the firm of Eldridge & Morgan was never employed by appellant in this action and that that firm never received or charged any fee for any services rendered.

Appellant has attempted to bring himself within that part of C. S., sec. 6726, as amended, providing that relief shall be granted and default set aside when the same has been entered "through the neglect or failure of any *attorney of such party* to file or serve any paper within the time limited therefor." In the instant case appellant, in his affidavits, admits that the firm of Delana & Delana were not employed; that Eldridge & Morgan were unable to handle the case on account of other business and were not employed, and that the only condition upon which appellant could obtain the services of Davidson & Davison was upon compliance with their requirements, which appellant admits he was unable to do and did not do. In addition appellant avers "that at said time of such default, said claimant did not have counsel." Appellant, therefore, not having counsel to represent him, cannot bring himself within that provision of C. S., sec. 6726, last mentioned.

The case of *Brainard v. Coeur d'Alene Antimony Mining Co.*, 35 Ida. 742, 208 Pac. 855, cited and relied upon by appellant, is not in point. In that case Renking, attorney for the company, informed the president thereof that Morgan had been employed. Morgan, while not understanding that he had been employed, did act for the

38 Idaho.—40

company. In the case at bar, however, it is not even contended that counsel was employed, but it is expressly stated by appellant that no counsel was employed, for the reason that he was not financially able to do so until the employment of present counsel, which was before the default judgment was entered. Appellant's own showing negatives any inference that default was taken by reason of the negligence of counsel. No penalty could consistently be imposed upon any one of the several counsel mentioned in appellant's brief by reason of negligence.

Appellant next urges that he relied upon the statement of the clerk alleged to have been made on September 24, 1921, that default would not be entered until October 1, 1921, or on the next motion day of the calendar. In answer to this part of appellant's affidavit the affidavit of the clerk is to the effect that he did not inform appellant at any time that no default could or would be entered in the case until the next motion day of the court; that he probably informed appellant that it was customary for default matters to come up on motion days, namely, Saturdays. At this time appellant knew that the demurrer had been withdrawn and that time for answer had expired and knew or should have known that default might be entered at any time. Upon a proper showing at this time the court would doubtless have extended the time to answer on account of his inability to obtain counsel. Conduct of this kind cannot come within the meaning of excusable negligence as contemplated by C. S., sec. 6726, and mistake, as used in that statute, must be one of fact and not of law. (*Domer v. Stone,* 27 Ida. 279, 284, 149 Pac. 505.)

The rule as to proceedings of this kind is laid down in the case of *Culver v. Mountain Home Electric Co.,* 17 Ida. 669, 674, 107 Pac. 65, where it is said:

"An application to set aside and vacate a judgment is addressed to the sound legal discretion of the court, and unless it appears that such discretion has been abused, the order will not be disturbed upon appeal. (*Holland*

*v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Pease v. County of Kootenai,* 7 Ida. 731, 65 Pac. 432; *Holzeman v. Henneberry,* 11 Ida. 428, 83 Pac. 497; *Western Loan & Savings Co. v. Smith,* 12 Ida. 94, 85 Pac. 1084; *Bailey v. Taaffe,* 29 Cal. 422.)''

We are of the opinion that the court did not abuse its discretion and the order denying the motion to set aside the default and vacate the judgment should be affirmed, and it is so ordered. Costs are awarded to respondent.

William A. Lee and Wm. E. Lee, JJ., concur.