(August 6, 1925.)

JAKE WAGNER, Respondent, v. J. L. MOWER, Appellant.

[237 Pac. 118.]

DEFAULT JUDGMENT—NEGLIGENCE OF ATTORNEY—MOTION TO SET ASIDE —WHEN NOT DISCRETIONARY.

Where a showing is made in support of a motion to set aside a default and the judgment entered thereon, that such default was due to the negligence of an attorney who had been employed to appear in said action and file a pleading on behalf of the party defaulted; that the attorney had accepted such employment and

Publisher's Note.

1. Statutes authorizing vacation of default judgment, see note in 58 Am. Dec. 392.

Vacating judgment for negligence or mistake of attorney, see note in 96 Am. St. 108.

Forgetfulness as ground for opening default, see note in Ann. Cas. 1914B, 589.

agreed to appear but failed to do so, and it further appears from an answer and cross-complaint tendered that such defaulting party had a meritorious defense to such action, and no counter-showing is made against such application, under C. S., sec. 6726, as amended by Sess. L. 1921, chap. 235, p. 526, nothing is left to the discretion of the court and the judgment should be set aside.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Ralph W. Adair, Judge.

Action to foreclose mortgage. Judgment for plaintiff. *Reversed.*

W. W. Adamson, for Appellant.

"In determining the question of discretion the power of the court should be freely and liberally exercised under the statute, so as to dispose of the cases upon their substantial merits." (*Pittock v. Buck,* 15 Ida. 47, 96 Pac. 212; *Humphreys v. Idaho Gold Mines Dev. Co.,* 21 Ida. 126, 120 Pac. 823, 40 L. R. A., N. S., 817; *Hamilton v. Hamilton,* 21 Ida. 672, 123 Pac. 630.)

"When, because of a mistake, misunderstanding or excusable neglect, an attorney leaves his client unprotected, the court will set aside the judgment." (*Utah etc. Savings Bank v. Trumbo,* 17 Utah, 198, 53 Pac. 1033; *Nichells v. Nichells,* 5 N. D. 125, 57 Am. St. 540, 64 N. W. 73, 33 L. R. A. 515; *Simpkins v. Simpkins,* 14 Mont. 386, 43 Am. St. 641, 36 Pac. 759; *Adams v. Rathbun,* 14 S. D. 552, 86 N. W. 629.)

Where a default judgment is taken against a defendant on account of the neglect or failure of an attorney to file proper papers within the time, and a proper application is made within six months from the entry of the judgment, then under C. S., sec. 6726, as amended, where the facts are clear and uncontradicted, as in this case, there is no discretion in the trial court and such court must set aside the judgment. (*Brainard v. Coeur d'Alene etc. Min. Co.,* 35 Ida. 742, 748, 208 Pac. 855.)

E. H. Casterlin, for Respondent.

An application to vacate a default judgment is entrusted to the discretion of the trial court and such discretion will not be reviewed unless abused. (*Domer v. Stone,* 27 Ida. 279, 149 Pac. 505; *Leonard v. Brady,* 27 Ida. 78, 147 Pac. 284; *Franklin Co. v. Bannock Co.,* 28 Ida. 653, 156 Pac. 108.)

Affidavits on motion to set aside a default judgment must set forth facts from which the court can judge whether or not the defendant has a meritorious defense. (*Culver v. Mountain Home Elec. Co.,* 17 Ida. 669, 107 Pac. 65; *Harr v. Kight,* 18 Ida. 53, 108 Pac. 539; *Hall v. Whittier,* 20 Ida. 120, 116 Pac. 1031.)

WILLIAM A. LEE, C. J.—This is an action by respondent Wagner to foreclose a real estate mortgage given by defendants John J. Bauman and his wife Celia Bauman, to which action J. L. Mower was made a party defendant and also the North American Mortgage Company. All of the defendants were served with process but failed to appear or otherwise plead within the time allowed by law. A default against each of them was entered by the clerk and the court decreed a judgment of foreclosure in favor of respondent for the amount of his mortgage with interest, costs and attorney's fees. The defaulting defendants Mower and North American Mortgage Company were adjudged to have no interest and to be forever barred and foreclosed from all equity of redemption or claim of interest in and to the mortgaged premises described in the complaint. This decree was entered February 21, 1923, and immediately thereafter appellant Mower moved to vacate and set aside the default against him, on the grounds of surprise and excusable neglect; that he had a good defense to said action by reason of holding a prior and first mortgage on the premises. In support of this motion, he filed an affidavit of himself stating that he was served with summons August 13, 1922; that soon thereafter he talked with defendant Bauman, who

told him that he would go to Mackay and engage an attorney to look after the interests of appellant in this action; that Bauman thereafter advised him that he had employed George L. Ambrose, Esq., an attorney at Mackay, to represent Mower's interests in the foreclosure suit and that he need not give further attention to the case as said attorney was protecting his interests; that Bauman agreed to look after his interests because Bauman admitted that Mower had a first mortgage on the premises; that Bauman had renewed said loan with Mower and at the time had represented to affiant that he had no other mortgage on this property; that he was for the first time apprised of there being another mortgage when he was served with summons in the foreclosure action; that by reason of said fraudulent representations, Bauman had agreed to pay the expenses of having Mower's interests represented in the foreclosure proceedings by employing for Mower an attorney to look after his interests; that he relied upon these representations that Bauman had engaged counsel for him and that his interests were being protected and gave no further attention to the matter until February, 1923, when he found from the records that default had been entered against him in the action.

He also alleges that he had a good defense to said action because of having a prior mortgage on said premises, which is prior in time and superior in right to the mortgage lien of plaintiff. He prayed that said default be set aside and that he be allowed to file his answer and cross-complaint.

Defendant Bauman also made an affidavit setting forth substantially the same state of facts; that Mower had a $1,500 mortgage against said premises which was a first mortgage that had been renewed by the giving of new notes which had included the principal and accrued interest; that he did retain said attorney to represent appellant and immediately after doing so informed Mower to that effect; that said attorney failed to appear in said action, and failed to plead on behalf of Mower; that by reason of such neglect and failure, and through no fault of respondent Mower, said

default and judgment thereon was entered in favor of plaintiff and against appellant Mower.

The affidavit of George L. Ambrose, Esq., filed in support of the motion to vacate the default and judgment thereon, states, in effect, that about August 24, 1922, defendant Bauman came to his office and consulted him about representing certain defendants; that affiant was very busy at the time with other matters and through inadvertence and misunderstanding on his part, he failed to answer the complaint on behalf of the appellant Mower; that afterwards and on or about the eighth day of January, 1923, affiant saw appellant Mower at Challis and told him that he would look up the files in the case and let him know whether any pleadings on Mower's behalf had been filed; that he did not recollect at that time whether he had answered for Mower or not; that affiant entirely overlooked the status of the pleadings and advised Mower that through inadvertence on his part he had failed and neglected to enter an appearance and file a plea for appellant.

The proposed answer and cross-complaint, which Mower asks leave to file, alleges sufficient facts to have entitled Mower to be heard in respondent's foreclosure action, and if true would have entitled appellant to some relief.

Upon refusal of the court below to set aside the default and vacate the decree of foreclosure entered in said action on behalf of respondent Wagner, this appeal is taken and presents the question of whether appellant. Mower is entitled to have the judgment set aside and he be permitted to answer.

Respondent moves to strike the affidavit of George L. Ambrose, on the grounds that said affidavit was not properly served on respondent's counsel prior to the hearing; that the record does not show that the court considered this affidavit; that it cannot be identified as a part of the record. Respondent moves to dismiss the appeal on a number of grounds. A counter-showing was made resisting these motions and upon the entire record we think they should be denied.

The question presented for determination by this appeal is the correct construction of C. S., sec. 6726, as amended by Sess. L. 1921, chap. 235, p. 526, when applied to the facts of this case as they appear from the record. Appellant's affidavits in support of his application to set aside this default show that it was taken against him by reason of the failure of an attorney who had been employed to represent his interests in the action and who had agreed to do so, but had failed to appear or take any action on appellant's behalf. It is argued by respondent that appellant should himself have employed counsel rather than have left such employment to his codefendant Bauman, whose interests were adverse to appellant's, but the facts set up in these various affidavits in support of appellant's application to set aside this default are not controverted, nor is there any counter-showing against this application other than the motion to strike one of the affidavits and to dismiss the appeal which we have already noticed and felt bound to deny.

In *Brainard v. Coeur d'Alene A. M. Co.,* 35 Ida. 742, 208 Pac. 855, the right of a litigant to be relieved from a default by reason of the negligence of an attorney employed by a third person, who failed to act, is recognized.

In *Consol. Wagon & Mach. Co.* v. *Housman,* 38 Ida. 343, 221 Pac. 143, it is said that where it appears that a judgment was taken against appellant through the negligence of an attorney who had been employed by such party, nothing is left to the discretion of the court and the judgment must be set aside.

We think these decisions are in accord with the plain import of the language used in this amendment and we see no reason for departing from the rule of construction as there announced. The facts set up in appellant's showing to set aside this default, not being controverted, we think they were sufficient to bring appellant's case within the purview of this statute as thus amended and construed. The refusal of the trial court to set aside the default, vacate the judgment and permit appellant to be heard was error. The

41 Idaho—25

cause is therefore reversed and remanded, with instructions to set aside the default and the decree entered thereon and allow appellant to plead in such cause. Costs to appellant.

Wm. E. Lee, Budge, Givens and Taylor, JJ., concur.