(No. 6831.    February 13, 1941.)

STATE ex rel EVERETT M. SWEELEY, Prosecuting Attorney of Twin Falls County, relator, Appellant, v. CATHERINE M. BRAUN and E. L. ROGERS, Respondents.

[110 Pac. (2d) 835.]

Everett M. Sweeley, for Appellant.

W. L. Dunn, for Respondents.

GIVENS, J.—The prosecuting attorney of Twin Falls county instituted this action against Catherine M. Braun as owner of the premises, and E. L. Rogers as operator, to abate under 1939 Sess. Laws, chap. 222, as a public nuisance a place where alcoholic liquors were illegally kept and sold.

Upon respondents' default following due and legal service, overruling of respondents' respective and separate demurrers and failure to plead further within the time granted and after appellant had submitted proof adequately establishing a prima facie case, judgment of closure was entered.

This appeal is from an order setting aside the default because of the claimed excusable fault and neglect of their attorney in failing to file answers in time.

Under sec. 5-905, I. C. A., as amended 1921, the neglect of the attorney in causing or permitting the default is a mandatory excuse. (*Brainard v. Coeur d'Alene Antimony Mining Co.,* 35 Ida. 742, 208 Pac. 855; *Wagner v. Mower,* 41 Ida. 380, 237 Pac. 118; *Miller v. Brinkman,* 48 Ida. 232, 281 Pac. 372; *Kivett v. Crouch,* 61 Ida. 536, 104 Pac. (2d) 21, at 25.)

While there are vagrant, hypothetical expressions

to the effect that under such circumstances no showing of merits is required as a concurrent condition precedent (*Weaver v. Rambow*, 37 Ida. 645, 217 Pac. 610), the established and repeated rule is that unless facts showing a meritorious defense are set forth by way of accompanying answer or affidavit it would be idle to set aside the default even though the neglect be that of the attorney, not the litigant, and where defaults have been set aside there have been proffered defenses. (*Brainard v. Coeur d'Alene Antimony Mining Co., supra; Consolidated W. & M. Co. v. Housman*, 38 Ida. 343, 349, 221 Pac. 143; *Wagner v. Mower, supra; Miller v. Brinkman, supra; Voellmeck v. Northwest M. L. Ins. Co.*, 60 Ida. 412, 92 Pac. (2d) 412; *Beltran v. Roll*, (Ariz.) 7 Pac. (2d) 248.)

Respondent Braun's answer admits she is a nonresident of the state. By filing her demurrer and proffering her answer she appeared generally and thus has submitted herself to the jurisdiction of the court. (*Wayne v. Alspach*, 20 Ida. 144, 149, 116 Pac. 1033; *Central Deep Creek Orchard Co. v. C. C. Taft Co.*, 34 Ida. 458, 202 Pac. 1062; *Elliott & Healy v. Wirth*, 34 Ida. 797, 198 Pac. 757; *Armitage v. Horseshoe Bend Co.*, 35 Ida. 179, 204 Pac. 1073; *Willman v. Friedman*, 4 Ida. 209, 38 Pac. 937, 95 A.S.R. 59; *McDonald v. McDonald*, 55 Ida. 102, 39 Pac. (2d) 293; *Newman v. Cheesman Automobile Co.*, 33 Ida. 685, 197 Pac. 826; *Pingree Cattle Loan Co. v. C. J. Webb & Co.*, 36 Ida. 442, 211 Pac. 556; *Treinies v. Sunshine Mining Co.*, 99 Fed. (2d) 651, 308 U. S. 66, 84 L. ed. 85; *Poage v. Co-operative Pub. Co.*, 57 Ida. 561, 66 Pac. (2d) 1119, 110 A. L. R . 1322.) Hence her plea of nonnotification under sec. 1006, chap. 222, 1939 Sess. Laws, p. 482 (other than by summons), is not now a defense.

Her main plea is that of ignorance of any illegal acts. This is not a defense against abatement proceedings of a liquor nuisance, because it is a proceeding in rem against the property. (*State ex rel Eubanks v. Dick*, (Kan.) 92 Pac. (2d) 92; *Linsley v. Werner*, (Colo.) 283 Pac. 534; *Holmes v. United States*, 269 Fed. 489, 12 A. L. R. 427.) Also because the owner has a remedy under the statute. (Sec. 1011, chap. 222, 1939 Sess. Laws, p. 483; *Gaskins v. People*, (Colo.) 272 Pac. 662, 62 A. L. R. 693;

*United States v. Brown,* 31 Fed. (2d) 307; *Hill v. United States,* 44 Fed. (2d) 889; *United States v. All Buildings, etc.,* 28 Fed. (2d) 774.)

Respondent Rogers' answer contained only specific denials, no affirmative showing of any defense. (*Harr v. Knight,* 18 Ida. 53, 108 Pac. 539.) The showing of merits must set forth the facts of defense so the trial court in the first instance and the appellate court in the second may determine whether the submitted defense is meritorious. This is for the court, not counsel or his attorney, to decide. (*Holland Bank v. Lieuallen,* 6 Ida. 127, 53 Pac. 398; *Holzaman v. Hereberry,* 11 Ida. 428, 83 Pac. 497; *Beck v. Lavin,* 15 Ida. 363, 367, 97 Pac. 1028; *Harr v. Knight, supra; Parsons v. Wrble,* 19 Ida. 619, 115 Pac. 8, 13; *Hall v. Whittier,* 20 Ida. 120, 127, 116 Pac. 1031; *Miller v. Brinkman, supra; Voellmeck v. Northwest M. L. Ins. Co., supra; Beltran v. Roll, supra; Thompson v. Caddo County Bank,* (Okla.) 82 Pac. 926; *Linsey v. Goodman,* (Okla.) 157 Pac. 344; *Dana v. Thaw,* 107 N. Y. S. 870; *Dandowitz v. Duane,* 62 N. Y. S. 744; *Black v. New York Life Ins. Co.,* 126 N. Y. S. 334.)

Claimed defenses bruited in respondents' brief are of no avail and cannot take the place of an answer or affidavit of merits.

No facts constituting a defense having been presented by respondents the default should not have been set aside.

The judgment is reversed and remanded with directions to reinstate the original judgment of abatement.

Costs to appellant.

Budge, C. J., and Morgan and Holden, JJ., concur.

AILSHIE, J. (Dissenting)—I think the judgment of the trial court, vacating the default in this case and allowing the defendant to answer, should be affirmed. There was no abuse of discretion on the part of the trial judge.

The action was commenced to abate a liquor nuisance, under the provisions of chap. 222 of the 1939 Sess. Laws. It was alleged that defendant Catherine Braun was a nonresident of the state and was the owner of the building in

which the nuisance was being maintained; and that the defendant Rogers was her lessee and that he was maintaining the nuisance with her knowledge and consent. The answer of defendant Braun admitted that she was a nonresident of the state and denied any knowledge that a nuisance was or had been, maintained. Among other things, the answer says:

"and specifically denies that she took any part in conducting any kind of business in the said premises or that she had or now has any knowledge or notice of what kind if any business was conducted in said premises or that she took any part in conducting any business in said premises in violation of the provisions of Chapter 222 of the Idaho Session Laws of the year 1939 or in violation of any laws."

Her answer also contains the following affirmative statement:

"And further answering said complaint defendant alleges:

"That she never had any notice or knowledge of what plaintiff contends and complains of by said complaint until she saw a copy of said complaint and no notice of plaintiff's claims and charges was ever brought to the attention of this defendant as required by law in such case or at all excepting as the same was gained after the said action or suit was commenced."

The answer of the defendant Rogers traverses *every material allegation* of the complaint, denying specifically each allegation separately. The answers comply in every respect with the requirements of our statutes regulating pleadings and are ample to put at issue every material allegation of the complaint, and are amply sufficient to admit any and every kind of competent evidence necessary to disprove the allegations of the complaint.

The statute, sec. 5-612, as amended by 1925 Sess. Laws (chap. 10, sec. 1), authorizes "a general or specific denial" of a complaint and ever since that amendment it has been unnecessary to make specific denials. Here, however, the defendants not only did not content themselves with merely a denial, but asserted affirmatively that the allegations of the complaint were untrue. There

is no statute in this state authorizing or requiring the pleading of evidentiary matter, either in a complaint or an answer. If an answer, which is sufficient to put the plaintiff on proof of all the allegations of his complaint and is likewise sufficient to admit any evidence to disprove the allegations of the complaint, is not *meritorious,* I wonder what would be considered *meritorious,* short of setting out in detail the evidence the pleader expected to produce. In other words, can it be rightly said that a pleading, sufficient in every respect to put at issue all the material allegations of the complaint, does not state a *meritorious defense?*

Here the plaintiff alleged that the defendants had been guilty of actively committing unlawful acts in keeping and selling intoxicating liquors. The defendants say that is not true; that they have not done so. In order to prove the allegations of the complaint, the plaintiff must prove affirmative facts. The only proof a defendant needs in such case is to show that he did not do the thing charged. In other words, plaintiff must prove affirmative action; and the defendant must prove negative or nonaction.

No case has been called to my attention from this state holding that *denials,* under such circumstances as disclosed here, do not constitute a *meritorious defense.* It has been held by eminent authority that:

"If appellant presented a good and meritorious defense on paper, the only way to meet it would be to do so at the trial of the case, and not by affidavit. The merits must be tried out in the regular way." (*Cutler v. Haycock,* (Utah) 90 Pac. 897; *Cragin v. Henderson County Oil Development Co.,* (Tex.) 280 S. W. 554, 557.)

The supreme court of Kansas, in *Frizell v. Northern Trust Co., etc.,* 61 Pac. (2d) 1344, 1346, said:

"A meritorious defense is one going to the merits, substance, or essentials of the case as alleged in the petition, as distinguished from dilatory or technical objections, and what is put forward by the allegations must be such that if sustained by proof it will defeat the cause of action alleged in the petition in whole or in part."

It has been held, and it seems reasonable, that "Any

defense given by statute is meritorious." In *O'Neil v. Jones,* 123 N. W. 495, the South Dakota court said:

"We think the word 'meritorious' as used in the decision of this and other courts means simply that the defense is good and lawful, and that, therefore, when pleaded properly and in time it must be recognized and treated as a good, lawful defense."

Substantially the same principle was advanced by the Oregon court in *Li Sai Cheuk v. Lee Lung,* 156 Pac. 255, 256, wherein the court said:

"The pleading in question begins with a *general denial,* which, of course, is a *complete defense,* unless it is found to be inconsistent with the subsequent affirmative allegations." (Italics supplied.)

I think it a too illusory contention, to say a *denial* is not *meritorious.*

This motion to vacate the default judgment was made under the 1921 amendment (chap. 235, 1921 Sess. Laws, p. 526) to sec. 5-905. It should be remembered that no alteration whatever was made in the previous section as originally enacted. The only thing that was done was to insert in the middle of the section a separate and independent paragraph reading as follows:

"Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court, or the judge thereof, in vacation, shall, upon application filed within the time above limited, set aside such judgment, order or proceeding and may, in its discretion, require the attorney guilty of such failure or neglect to pay the costs or expenses actually and necessarily occasioned to the opposite party by such failure or neglect, and may, in its discretion, also impose upon such attorney a penalty of not exceeding $100.00." (1921 Sess. Laws, chap. 235, p. 527.)

It should be further remembered that all the original provisions of the section are to be exercised by the court "in its discretion." This phrase is repeatedly used in the original portions of the section but not so in the amendatory matter. There it says that the court *"shall, upon*

*application filed within the time above limited, set aside such judgment,"* differing diametrically from the word "may" in the original statute. The only mention of discretion contained in the amendatory matter is with reference to the imposition of terms; it says that the court "may, in its discretion," impose upon such delinquent attorney a penalty of not exceeding $100.00. The amendatory statute nowhere provides or requires that a defendant, in making such application, shall present an answer or show a meritorious defense. The court has, however, supplemented the statute by the holding, that there would be no reason for setting aside a default unless the defendant had a meritorious defense (*Miller v. Brinkman*, 48 Ida. 232) ; therefore he must show that he takes issue with the plaintiff on *material allegations* of the complaint, or, in other words, that he has a *meritorious defense.* That defense, however, *is made on paper and not by proof,* just as the plaintiff's original complaint is made on paper and not by proofs.

This amendment was brought to the attention of the court in *Weaver v. Rambow,* 37 Ida. 645, wherein the court said:

"We are of the opinion that under this amendment, a default entered in this manner and for this reason is subject to be set aside upon the application of the party so defaulted, without stating any grounds therefor, where such motion if based upon the records and files in the case, and where such record shows that the default was due to the neglect and failure of the attorney, and not of the party defaulted.

"If the moving party is required to make a showing of merit or set up any of the other grounds for vacating a judgment prescribed by this section of the statute, it would follow that the court might hold the same insufficient, although as in the instant case it is not controverted that the default was due to the neglect or failure of the attorney, and the purpose of the amendment would thereby be defeated."

The same question again arose in *Consolidated W. & M. Co. v. Housman,* 38 Ida. 343, 349, and the court said:

"It appearing that the judgment was taken against

appellant through the failure of an attorney within the meaning of the act, nothing was left to the discretion of the court and the judgment should have been set aside.

"Respondent contends that the order should be affirmed because the proffered answer did not state a defense. This court has held that, under the act of 1921 above construed, it is not necessary to present an affidavit of merits or proffer an answer. (*Weaver v. Rambow,* 37 Ida. 615, 217 Pac. 610.) However, where an answer is proffered, as in the present case, it would be idle to sustain the motion if the answer does not state a defense."

Again in *Wagner v. Mower,* 41 Ida. 380, 385, the court said:

"The question presented for determination by this appeal is the correct construction of C. S., sec. 6726, as amended by Sess. L. 1921, chap. 235, p. 526, when applied to the facts of this case as they appear from the record. Appellant's affidavits in support of his application to set aside this default show that it was taken against him by reason of the failure of an attorney who had been employed to represent his interests in the action and who had agreed to do so, but had failed to appear or take any action on appellant's behalf. It is argued by respondent that appellant should himself have employed counsel rather than have left such employment to his codefendant Bauman, whose interests were adverse to appellant's, but the facts set up in these various affidavits in support of appellant's application to set aside this default are not controverted, nor is there any countershowing against this application other than the motion to strike one of the affidavits and to dismiss the appeal which we have already noticed and felt bound to deny.

"In *Brainard v. Coeur d'Alene A. M. Co.,* 35 Ida. 742, 208 Pac. 855, the right of a litigant to be relieved from a default by reason of the negligence of an attorney employed by a third person, who failed to act, is recognized.

"In *Consol. Wagon & Mac. Co. v. Housman,* 38 Ida. 343, 221 Pac. 143, it is said that where it appears that a judgment was taken against appellant through the negligence of an attorney who had been employed by such party,

nothing is left to the discretion of the court and the judgment must be set aside.

"We think these decisions are in accord with the plain import of the language used in this amendment and we see no reason for departing from the rule of construction as there announced."

Following the foregoing cases, in *Miller v. Brinkman,* 48 Idaho 232, 234, it was said:

"The statute, C. S., sec. 6726, amended, chap. 235, Laws of 1921, provides that: 'Whenever any judgment, order or proceeding is taken against a party otherwise without default, through the neglect or failure of any attorney of such party to file or serve any paper within the time limited therefor, the court ... shall ... set aside such judgment. ... ' It is too plain for argument that this 1921 amendment makes it the duty of the court to set aside a default entered against a defendant for the failure of his attorney to appear and answer within the time provided therefor. (*Consolidated Wagon & Mach. Co. v. Housman,* 38 Ida. 343, 221 Pac. 143. See, also, *Weaver v. Rambow,* 37 Ida. 645, 217 Pac. 610; *Brainard v. Coeur d'Alene A. Min. Co.,* 35 Ida. 742, 208 Pac. 855; *Day v. Burnett,* 38 Ida. 620, 224 Pac. 427.)

"It is claimed, however, that Brinkman had not engaged an attorney, and was not, therefore, 'otherwise without default.' It is set forth in the affidavits of Brinkman, Albaugh and Upham that Albaugh was Brinkman's attorney, and that he had been engaged in plenty of time to file an appearance for Brinkman. Having engaged Albaugh to represent him, Brinkman was, therefore, 'otherwise without default.' (*Brainard v. Coeur d'Alene A. Min. Co., supra; Consolidated Wagon & Mach. Co. v. Housman, supra.*) And a party is not required to personally engage an attorney to be 'otherwise without default,' but may do so through another. (*Consolidated Wagon & Mach. Co. v. Housman, supra; Brainard v. Coeur d'Alene A. Min. Co., supra.*)

"It is contended that the court should not have set aside the default because the motion therefor was not accompanied by any sufficient showing of a meritorious defense to the action. On the other hand respondent urges that

there is such a showing, and also that this court has held that a default may be set aside under such circumstances without stating any grounds of defense to the action. (*Weaver v. Rambow, supra; Consolidated Wagon & Mach. Co. v. Housman, supra.*) In the latter case, it was held in substance that the answer, which accompanied the motion, stated a good defense to the action. However, it would seem to be idle to set aside a default unless the party against whom it is taken has a meritorious defense to the action. (*Culver v. Mountain Home Elec. Co.,* 17 Ida. 669, 107 Pac. 65.) The moving party, therefore, ought to accompany his motion with a proposed answer or, in addition to the grounds on which the motion is based, set forth the facts constituting his defense."

Decisions on the question of discretion, rendered by this court prior to the adoption of the 1921 amendment, are inapplicable to motions made under this amendment to open default for *neglect* or *failure* of the party's attorney. Those cases all involved the question of "mistake, inadvertence, surprise or excusable neglect" on the part of the *litigant*. It necessarily followed that the court had to exercise its sound judicial discretion in determining whether or not the facts set out constituted either "mistake, inadvertence, surprise or excusable neglect" of the litigant. Consequently, this court repeatedly held that, unless there was an abuse of that discretion, the order would not be reversed. (See *Hall v. Whittier,* 20 Ida. 120; *Humphrey v. Idaho Gold Mines Dev. Co.,* 21 Ida. 126.) Here we have an entirely different issue, viz., the *"neglect* or *failure"* of the litigant's attorney. It was to meet this kind of contingency that the amendment was enacted.

Upon the record and authorities before us in the present case, I am convinced that the trial judge's order opening up the default was clearly within the terms of the statute and that his judgment should be affirmed.