301 P.2d 1099

John E. PIERCE and Jessie Pierce, husband and wife, Plaintiffs-Respondents,

v.

Ray VIALPANDO and Flora T. Vialpando, husband and wife, Defendants-Appellants.

No. 8467.

Supreme Court of Idaho.

Sept. 26, 1956.

Anderson & Anderson, Pocatello, for appellants.

———◆———

Caldwell & Whittier, Pocatello, for respondents.

ANDERSON, Justice.

This is an appeal from a default judgment and an order denying a motion to set it aside. Plaintiffs and respondents will be hereinafter referred to as plaintiffs, and defendants and appellants as defendants.

November 25, 1955, the complaint in this action was filed, seeking to foreclose the rights of the defendants under a contract by which they were purchasing a house and lot from the plaintiffs for the sum of $3,400. Service was made December 18, 1955, upon the defendants, and on December 28, 1955, they filed a general demurrer to the complaint. It was noticed for hearing January 3, 1956. Plaintiffs' attorneys appeared, but defendants' did not. A minute entry made that day reads as follows:

"At the request of counsel for the defendant that the demurrer be withdrawn,

"It Is Ordered That the demurrer be and hereby is, withdrawn and the de-

fendant is given fifteen days from this date in which to answer."

February 27, 1956, no further pleading having been filed by the defendants or either of them, their default was entered, and a default judgment taken.

May 7, 1956, a motion was filed to set aside the default on the grounds of mistake, inadvertence, surprise and excusable neglect of defendants' counsel. It discloses that neither of defendants' counsel was in the City of Pocatello when the demurrer in this case was called for hearing. Affidavits in support of the motion were filed, and a proposed answer and cross-complaint was tendered and lodged, setting out facts which, if proven, would constitute a meritorious defense.

The affidavit of Walter H. Anderson discloses, among other things, the following:

"That he was the attorney employed by the defendants and that he alone was looking after the case; that when the notice calling up the demurrer was served herein, affiant had gone on a vacation to Ohio, Kentucky and Tennessee and did not return until the 8th day of January, 1956; that he never had any knowledge or any notice that the demurrer had been called up or that a default had been taken until he called the Clerk's office and was advised; that the defendants have advised this affiant in accordance with the affidavit of the defendants which is filed herewith, that the plaintiffs breached their contract in several particulars, and affiant advised the defendants and verily believes that they have a cause of action against the plaintiffs by way of a cross complaint for approximately $1,000.00, and * * that he did not discover this default judgment was entered until May 1, 1956; that he then contacted one, Max Whittier, attorney for the plaintiffs, and was advised from day to day that he would see what he could do with his clients and whether or not they would stipulate to set aside said default judgment, but on this date said Whittier advised this affiant that his clients, said Pierces, would not agree; * * * that any neglect in this case is on account of this affiant, who happened to be absent from the State of Idaho from the 23rd of December, 1955 until the 8th of January, 1956 * * *."

The affidavit of Gus Carr Anderson discloses:

"That he is of counsel for the defendants in the above entitled action; that this affiant was not present in court when this matter was called at Calendar Call on the 3rd day of January, 1956, in that this affiant was out of town and out of the county; that this affiant does not recall ever having

withdrawn a demurrer in the above entitled action and having taken fifteen days in which to answer; that this matter is one that was solely handled by Walter H. Anderson, and this affiant had nothing whatsoever to do with it and knew nothing about it; that this affiant has no recollection of ever having any conversation concerning the above entitled matter with the attorney for the plaintiffs, Max Whittier."

Defendants filed their affidavit and tendered their proposed answer and cross-complaint, claiming breach of the contract.

Counter-affidavits were filed by plaintiffs, denying breach of the contract by them and alleging that the defendants abandoned the property in December without notice to plaintiffs, that the pipes in the house froze and broke, and that this resulted in great damage to the property.

The affidavit of R. M. Whittier, among other things, discloses:

"That he is the attorney for the plaintiffs in the above-entitled matter; that on the 25th day of November, 1955, the undersigned filed an action against the defendants, Ray Vialpando and Flora T. Vialpando, upon a certain Real Estate Agreement dated the 15th day of August, 1955; that after the filing of the said action and on or about the 18th day of December, 1955, the undersigned had the Sheriff of Bannock County serve each of the defendants with a copy of the summons and complaint; that thereafter and on the 27th day of December, 1955, the law firm of Anderson & Anderson filed a general demurrer in the above-entitled action and on the 28th day of December, 1955, the undersigned personally served the law firm of Anderson & Anderson with a copy of a Notice of Hearing on Demurrer noticing the said Demurrer in for hearing on the 3rd day of January, 1956, at the hour of 2:00 o'clock p. m.; that the said law firm signed and acknowledged reciept of service of said notice and no objection was made as to the time and place of hearing; that on or about the 3rd day of January, 1956, at the time appointed by the Court to hear the matter the undersigned appeared in the court room of the Honorable John A. Carver, District Judge, to argue the Demurrer. Upon determining that the defendants counsel was not present in the court room the undersigned phoned the law firm of Anderson & Anderson and asked whether they were going to appear to argue the Demurrer. The secretary of said law firm advised that she had been instructed to advise the undersigned that the said law firm would withdraw their Demurrer if the

Court would give them fifteen days in which to answer. The undersigned was never advised that the said attorneys were out of town and could not attend the hearing, and no continuance was requested for convenience of counsel.

"This is to further state that Gus Carr Anderson was present in the law office of Anderson & Anderson when the Notice of Hearing on Demurrer was served and no objection was made as to the time and place of hearing.

"This is to further state that after the above call was made to the law firm of Anderson & Anderson the undersigned advised the court of his conversation with the secretary of said law firm and the Court did then and there permit the defendants to withdraw their Demurrer and gave said defendants fifteen days in which to answer.

"This is to further state that at the end of fifteen days the undersigned called the law firm of Anderson & Anderson and talked to Gus Carr Anderson and asked him if he would get his answer in, in the above-entitled matter. He stated at that time that he would take it up with his father and let me know. * * *"

The affidavit of Whittier further discloses that on February 1, 1956, he discussed with Gus Carr Anderson the filing of an answer, but Anderson's affidavit discloses he does not recall such discussion. Anderson's affidavit further discloses that no stenographer in their office ever had the authority to decide to withdraw demurrers and take time to answer. No answer was filed by February 27, 1956, at which time default was taken by plaintiffs.

Walter H. Anderson filed a further affidavit stating that no stenographer in his firm's office has ever had the authority to withdraw a demurrer and take time to answer.

The district court heard the motion to set aside the default and the judgment, and on May 21, 1956, denied it.

The record in this case discloses that counsel for plaintiffs did not take default immediately upon expiration of the 15 days allowed defendants to answer on January 3, 1956, but waited until February 27 before taking default and judgment. This length of time having expired, and the affidavits heretofore mentioned, lend credence to the assertion that counsel for plaintiffs did request opposing counsel to answer after the time for answering had expired.

Defendants' counsel admit that they were neglectful, and offer to pay the statutory penalty if the default judgment is set aside, which they contend must be done,

as the statute, I.C. § 5–905, is mandatory in such cases.

Plaintiffs, in support of their position, stress the recent case of Thomas v. Stevens, 78 Idaho 266, 300 P.2d 811. That case is not applicable here because the negligence was on the part of the appellants and not on the part of their attorneys.

Idaho Code, § 5–905 provides that the court *may* in its discretion relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, but provides further that when a judgment is taken against a party otherwise without default through the neglect or failure of his attorney to file or serve any paper within the time limited therefor, the court *shall* set aside the judgment upon a timely application.

In the case of Wagner v. Mower, 1925, 41 Idaho 380, at page 385, 237 P. 118, at page 119, this court stated:

"In Consolidated Wagon & Machine Co. v. Housman, 38 Idaho 343, 221 P. 143, it is said that, where it appears that a judgment was taken against appellant through the negligence of an attorney who had been employed by such party, nothing is left to the discretion of the court, and the judgment must be set aside.

"We think [this decision is] in accord with the plain import of the language used in this amendment, and we see no reason for departing from the rule of construction as there announced. * * *"

The amendment referred to was adopted in 1921 (1921 Session Laws, ch. 235, p. 526), and the amended statute is identical with our present section 5–905.

In the case of Miller v. Brinkman, 48 Idaho 232, at page 235, 281 P. 372, at page 373, this court stated:

"* * * It is too plain for argument that this 1921 amendment makes it the duty of the court to set aside a default entered against a defendant for the failure of his attorney to appear and answer within the time provided therefor. * * *"

See also In re Henry's Estate, 70 Idaho 108, 212 P.2d 393; Olson v. Farmers Insurance Exchange, 78 Idaho 56, 297 P.2d 1045; Orange Transp. Co. v. Taylor, 71 Idaho 275, 230 P.2d 689.

The order of the district court denying the motion to set aside the default and judgment is reversed and the cause remanded to the district court with directions to do so, fixing such penalty, terms, and conditions as may be proper, and to allow appellants time to plead.

Costs to appellants.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.